EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Michaelangelo Rosario Vázquez<br>(TS-11,114) | 2017 TSPR 7<br><br>197 DPR ____ |

Número del Caso: CP-2014-11

Fecha: 19 de enero de 2017

Oficina de la Procuradora General:

      Lcda. Karla Pacheco Álvarez
      Subprocuradora General

      Lcda. Mónica Cordero Vázquez
      Subprocuradora General

      Lcda. Gisela Rivera Matos
      Procuradora General Auxiliar

      Lcda. Minnie H. Rodríguez López
      Procuradora General

Abogado del querellado:

      Por Derecho Propio

Comisionada Especial:

      Hon. Crisanta González Seda

Materia: Conducta Profesional – La suspensión será efectiva el 23 de enero de 2017, fecha en que se le notificó por correo al abogado de su suspensión inmediata

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Michaelangelo Rosario Vázquez          CP-2014-11     Conducta
      (TS-11,114)                                     Profesional

PER CURIAM

San Juan, Puerto Rico, a 19 de enero de 2017.

En virtud de nuestro poder inherente de regular la profesión jurídica en Puerto Rico y con ello la importante encomienda de procurar que los abogados admitidos a este Foro ejerzan su labor de forma responsable, competente y diligente, en esta ocasión examinamos la conducta de un abogado a quien se le imputa haber infringido los Cánones 18 y 19 del Código de Ética Profesional.[1] Por los fundamentos que abordaremos más adelante, concluimos que el Lcdo. Michaelangelo Rosario Vázquez (querellado o licenciado Rosario Vázquez) se apartó de los mencionados Cánones,

_____

[1] 4 LPRA Ap. IX.

por lo que procede la imposición de sanciones disciplinarias.

I

El caso de epígrafe se originó el 18 de agosto de 2011 cuando el Sr. Juan Torres Vázquez (quejoso o señor Torres Vázquez) presentó una queja en contra del licenciado Rosario Vázquez.[2] En ésta, el quejoso -residente de Orlando, Florida- expuso que contrató al querellado en noviembre de 2009 para que lo representara legalmente ante la Junta Apelativa de Inmigración, conocida como el *Board of Immigration Appeals*, ya que había obtenido una decisión adversa el 14 de octubre de 2009. En particular, el licenciado Rosario Vázquez se encargaría de notificar un recurso de apelación ante ese foro administrativo y, posteriormente, presentaría un escrito legal para sustentar las alegaciones. Según el señor Torres Vázquez, las partes pactaron -mediante un acuerdo verbal- que los honorarios serían $1,500 y se dividirían en pagos de $500.[3]

De acuerdo con el expediente, el 31 de octubre de 2009 el querellado presentó un escrito titulado "Notice of Entry of Appearance as Attorney or Representative Before the Board of Immigration Appeals" (Formulario Núm. EOIR-27). Más adelante, el 10 de

---

[2] El Lcdo. Michaelangelo Rosario Vázquez (licenciado Rosario Vázquez) fue admitido al ejercicio de la profesión legal en Puerto Rico el 18 de enero de 1995.

[3] Véase *Declaración de Juan Torres*, Anejo 1 del Formulario de Queja, Expediente de la Queja AB-2011-256, pág. 1.

noviembre de 2009 el licenciado Rosario Vázquez presentó un escrito conocido como "Notice of Appeal from a Decision of an Immigration Judge" (Formulario Núm. EOIR-26). En éste, adelantó que el propósito era apelar una determinación emitida por la Junta Apelativa de Inmigración el 14 de octubre de 2009, ello por entender que dicho ente administrativo erró como cuestión de hecho y de derecho al denegar una petición presentada por el quejoso titulada "Application for Cancellation of Removal for Certain Non-Permanent Residents" (Formulario Núm. EOIR-42B). Asimismo, el querellado indicó que necesitaba revisar el récord de los procedimientos ante la Junta Apelativa de Inmigración, por lo que se proponía a presentar un escrito legal por separado en apoyo de la apelación una vez recibiera y examinara dicho récord.[4]

---

[4] En el escrito titulado "Notice of Appeal from a Decision of an Immigration Judge" ante la Junta Apelativa de Inmigración, el licenciado Rosario Vázquez hizo constar lo siguiente:

> The Honorable Immigration Judge (hereinafter referred to as "IJ") erred as a matter of law and as a matter of fact in denying respondent's Application for Cancellation of Removal for Certain Non-Permanent Residents (Form EOIR-42B). The respondent met all statutory requirements issuance of the NTA, he is a person of Good Moral Character that has one (1) United States citizen child and a United States citizen wife. Respondent's testimony, together with the documentary evidence filed in support of respondent's application, established that respondent's United States citizen child and wife would suffer extreme and exceptional hardship if the respondent were to be removed. The IJ erred in the application of the law and the precedent decisions of this Honorable Board by concluding that respondent's did not meet the requirements of Section 240A(b)(1).
>
> In order to amount to an effective appeal on these issues of facts and law, the undersigned attorney needs to thoroughly review the record of proceedings. Upon receipt of a complete and accurate copy of the record of proceedings, counsel will provide a thorough brief on the issues of this case.

Así las cosas, el 8 de enero de 2010 la Junta Apelativa de Inmigración le informó al licenciado Rosario Vázquez que tendría hasta el 29 de enero de 2010 para sustentar la apelación del señor Torres Vázquez, mientras que la parte contraria tendría hasta 19 de febrero de 2010 para presentar su escrito.[5]

Según expuso el quejoso, el licenciado Rosario Vázquez no presentó el escrito legal requerido por la Junta Apelativa de Inmigración ni solicitó una prórroga para cumplir con ello. Ante ese cuadro y ajeno a la omisión del licenciado Rosario Vázquez, el quejoso acudió a la oficina de éste y allí entregó un cheque personal por $400 como pago parcial de los honorarios acordados; se le entregó un recibo de pago, pero nadie le informó que el escrito no había sido presentado ante la Junta Apelativa de Inmigración. El 6 de enero de 2011, ese foro administrativo desestimó sumariamente la petición del señor Torres Vázquez fundamentado en que no se presentaron las bases legales o de hechos para sustentar la solicitud. En su determinación, la Junta Apelativa señaló que el licenciado Rosario Vázquez no presentó el escrito legal en apoyo de la apelación en o antes del 29 de enero de 2010 (fecha límite dispuesta por la Junta Apelativa de Inmigración), ello a pesar de que el 10 de

_____

Véase Anejo 5 del Formulario de Queja, Expediente de la Queja AB-2011-256, pág. 2.

[5] Véase Anejo 7 del Formulario de Queja, Expediente de la Queja AB-2011-256, pág. 1.

noviembre de 2009 informó que así lo haría por considerarlo necesario.

Además, el quejoso expresó que la Junta Apelativa de Inmigración le envió una copia de cortesía de la determinación y así fue que se enteró de que su petición fue desestimada. Así las cosas, el señor Torres Vázquez se comunicó con el licenciado Rosario Vázquez y éste le admitió que no había presentado el escrito legal en apoyo de la apelación y que desconocía cómo había ocurrido eso. A pesar de que el querellado le expresó que se encargaría del asunto, el quejoso señaló que ya no confiaba en él como representante legal, por lo que decidió consultar a otros abogados, quienes le alertaron que la decisión de la Junta Apelativa de Inmigración era final y firme, y que la única alternativa era intentar reabrir el caso.

El 11 de junio de 2012, el licenciado Rosario Vázquez presentó su *Contestación a la queja*. En resumen, allí reconoció que cobró la cantidad pactada ($1,500), pero negó la alegación del quejoso de que el acuerdo no fue reducido a escrito. Sobre esto, el querellado presentó como anejo un Contrato de servicios profesionales firmado el 31 de octubre de 2009 por el quejoso.[6] Asimismo, el licenciado Rosario Vázquez admitió que no había cumplido con el término concedido

---

[6] Véase *Contrato de servicios profesionales*, Anejo D de la *Moción en cumplimiento de Orden/Contestación*, Expediente de la Queja AB-2011-256, pág. 1.

por la Junta Apelativa de Inmigración para presentar el escrito legal y adujo que "[d]icha omisión fue consecuencia de que no se calendarizó adecuadamente en el sistema de [la oficina]".[7] Expuso también que sí había informado sobre la situación al quejoso, y le había pedido permiso para presentar una moción a la Junta Apelativa de Inmigración en la cual explicaría lo ocurrido y solicitaría que dicho foro le autorizara presentar el escrito legal en cuestión. No obstante, el licenciado Rosario Vázquez planteó que el señor Torres Vázquez le indicó que lo pensaría y luego le pidió copia del expediente legal, el cual se le entregó de inmediato.[8]

El 15 de junio de 2012 referimos la queja a la Oficina del Procurador General (PG) para evaluación y presentación del Informe correspondiente. En cumplimiento con ello, el 28 de diciembre de 2012 el PG presentó un Informe en el que expuso que el querellado pudo haber incurrido en violación a los Cánones 18 y 19 del Código de Ética Profesional, *supra*.

El 30 de enero de 2013 emitimos una Resolución en la que concedimos al licenciado Rosario Vázquez un término de 20 días para que se expresara en torno al

---

[7] Véase *Moción en cumplimiento de Orden/Contestación*, Expediente de la Queja AB-2011-256, pág. 2. Valga aclarar que la Queja AB-2011-256 fue la que originó el caso CP-2014-11 que aquí atendemos.

[8] Íd.

Informe del PG, pero el querellado no presentó su escrito en ese término.[9]  Más adelante, el 27 de enero de 2014, le concedimos un nuevo término de 20 días para que se expresara y actualizara su dirección postal en el Registro Único de Abogados (RUA).[10]  No obstante, el 6 de febrero de 2014, el licenciado Rosario Vázquez alegó que no había recibido el Informe del PG, por lo que solicitó prórroga para expresarse sobre éste.  Ante esto, el 28 de febrero de 2014, concedimos la prórroga solicitada.[11]

El querellado presentó su escrito en cumplimiento de orden el 17 de marzo de 2014 y reconoció que el Informe del PG refleja con "bastante certeza" la relación de hechos del caso.  Sin embargo, nos planteó que "discrepa de la severidad perseguida por el [P]rocurador".[12]  En la moción, añadió lo siguiente:

> 5. El informe del [P]rocurador concluye que no fue hasta que la Junta de Apelaciones le notifica de la decisión directamente al querellante que este se entera de lo sucedido.  El que suscribe tiene la obligación de aclarar que dicha notificación a él y a nuestras oficinas se hace simultáneamente.  No queremos que este Tribunal se lleve la impresión de que nuestras oficinas recibieron la decisión y esta no fue comunicada al cliente.
>
> 6. Es importante aclarar además que la única omisión, aunque reconocemos significativa en este

---

[9] Archivada en autos la copia de la notificación de la Resolución el 1 de febrero de 2013.

[10] Archivada en autos la copia de la notificación de la Resolución el 31 de enero de 2014.

[11] Archivada en autos la copia de la notificación de la Resolución el 5 de marzo de 2014.

[12] *Moción en cumplimiento de orden*, Expediente de la Queja AB-2011-256, pág. 1.

caso, fue la calendarización errónea por la oficina del recibo de la transcripción de la prueba la cual llega simultáneamente con la fecha límite para presentar argumentos. Esta aclaración es importante puesto que el informe sugiere que el querellante fue mantenido en la obscuridad durante todo el procedimiento. El que suscribe habla e informa en persona a todos los clientes incluyendo al querellante del caso de epígrafe.

7. Es importante además destacar que el que suscribe, inmediatamente le inform[ó] al querellante lo que había sucedido una vez percatado de ello. Nunca hubo un interés ni intento de ocultarlo. El que suscribe incluso le informó al querellante su intención de presentar una moción a la corte de apelación explicando lo sucedido y solicitando la re-apertura del caso para atender lo sucedido. Lo que es permitido por el reglamento de dicha corte.

. . . . . . . .

9. Por último el que suscribe también se ve obligado en aclarar que nunca se discutieron los méritos de la apelación por las razones ya explicadas y relacionadas en el informe del [P]rocurador. Dichos méritos serían atendidos una vez revisada la transcripción de la prueba. Esto solo se aclara, puesto que luego de recibida la misma, se pudo verificar que la decisión de instancia fue bastante acertada. Esto se dice no con la intención de excusar lo sucedido pero no queremos que este Honorable foro se quede con la impresión de que hubo la pérdida incuestionable de un derecho a causa de lo sucedido.[13]

El 27 de junio de 2014, este Foro instruyó a la Procuradora General (PG)[14] a presentar la querella correspondiente conforme a la conducta del abogado.[15] Así, el 2 de septiembre de 2014 la PG presentó una

---

[13] *Moción en cumplimiento de orden*, Expediente de la Queja AB-2011-256, pág. 1.

[14] Debido a la designación de la Lcda. Margarita Mercado Echegaray como Procuradora General, en adelante haremos referencia a su persona como Procuradora General.

[15] Una copia de la notificación de dicha Resolución fue archivada en autos el 2 de julio de 2014.

querella en la que imputó al licenciado Rosario Vázquez la infracción de los Cánones 18 y 19 del Código de Ética Profesional, *supra*. El querellado presentó su *Contestación a querella* el 22 de septiembre de 2014 y reiteró los mismos argumentos que expuso en marzo de 2014 en reacción al Informe del PG.

Ante esto, el 25 de junio de 2015 nombramos a la Hon. Crisanta González Seda, exjueza del Tribunal de Primera Instancia, como Comisionada Especial a fin de que recibiera prueba y nos rindiera un Informe con las determinaciones de hechos y recomendaciones que estimara pertinentes. En el descargo de su encomienda, la Comisionada Especial realizó una conferencia con antelación a vista el 21 de septiembre de 2015. Luego de una posposición, la Comisionada Especial señaló vista en su fondo para el 17 de diciembre de 2015.

Llegado el día de la vista, la Comisionada Especial indicó a las partes que el licenciado Rosario Vázquez se había comunicado el día antes para informar que no comparecería debido a un problema con sus hijos. Añadió que se le requirió al querellado que fundamentara por escrito la razón por la cual, a menos de 24 horas de la vista, había informado que no podría comparecer a la misma. Así, el mismo día del señalamiento de vista, el licenciado Rosario Vázquez envió un mensaje por correo electrónico en el que relató los problemas personales que

había confrontado en las últimas 2 semanas antes de la vista. Ante esa situación, no se pudo celebrar la vista pautada, por lo que la Comisionada Especial señaló vista para mostrar causa y vista en su fondo para el 16 de febrero de 2016.[16] Ese día se celebró la vista en su fondo y el caso quedó sometido.

Así las cosas, luego de evaluar la evidencia testifical y documental, la Comisionada Especial presentó un Informe el 2 de mayo de 2016 con sus recomendaciones respecto a los 2 cargos imputados por la PG. En particular, concluyó que la evidencia presentada sostiene que el licenciado Rosario Vázquez infringió los Cánones 18 y 19 del Código de Ética Profesional, *supra*. El caso quedó sometido ante esta Curia el 13 de junio de 2016.

Expuesto el trasfondo fáctico y procesal del caso, procedemos a abordar la controversia enmarcada en el Derecho aplicable.

II

Conforme al poder inherente de este Tribunal para regular la profesión de la abogacía, tenemos la labor

---

[16] El 28 de enero de 2016, la Comisionada Especial emitió una *Orden para mostrar causa* en la que expresó que el licenciado Rosario Vázquez "deberá MOSTRAR CAUSA, el 16 de febrero de 2016, fecha señalada para la vista final, por la cual no debamos, independientemente de la determinación final sobre los méritos de la presente querella, solicitar al Honorable Tribunal Supremo, la imposición de sanciones por su actuación, incluyendo el pago de los gastos incurridos por el querellante para estar presente en la vista de la cual el querellado se ausentó". Véase *Orden para mostrar causa*, Expediente de la Querella CP-2014-11, pág. 2.

indelegable de procurar que los abogados admitidos a este Foro ejerzan la profesión de forma responsable, competente y diligente.[17] Así, el Código de Ética Profesional establece las normas mínimas de conducta que deben regir la práctica de la profesión jurídica en Puerto Rico y, a la vez, promueve un comportamiento ejemplar en beneficio de la ciudadanía, la profesión y las instituciones de justicia.[18] Por tal razón, aquellos que tienen el privilegio de ser admitidos a este Foro, tienen la obligación ineludible de dirigirse en todo momento conforme a los más rigurosos principios éticos.[19]

A. Canon 18: Competencia del abogado y consejo al cliente

De acuerdo con el Canon 18 del Código de Ética Profesional, *supra*, todo abogado debe "defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable". Esto significa que el abogado tiene el deber de actuar con diligencia, competencia y responsabilidad para defender los derechos e intereses de

---

[17] Véanse In re Nazario Díaz, 2016 TSPR 111, 195 DPR ___ (2016); In re Castillo del Valle, 191 DPR 633, 639 (2014); In re Rodríguez Amaro, 189 DPR 307, 312 (2013).

[18] In re Armenteros Chervoni, 2016 TSPR 131, 195 DPR ___ (2016); In re Miranda Daleccio, 193 DPR 753, 760 (2015); In re Guemárez Santiago, 191 DPR 611, 617-618 (2014).

[19] Véanse In re Rivera Nazario, 193 DPR 573, 582 (2015); In re Mulero Fernández, 174 DPR 18, 28 (2008).

sus clientes.[20]    Por lo tanto, como establece el mencionado Canon, es impropio que un abogado asuma la representación legal de un cliente cuando conoce que no puede realizar una labor de forma competente y que no puede prepararse de manera adecuada, sin que ello conlleve gastos o demoras irrazonables a su cliente o a la administración de la justicia.

En múltiples ocasiones este Tribunal ha expresado que el deber de diligencia constituye una obligación básica y elemental del abogado hacia su cliente.[21] Por lo tanto, un abogado falta a su deber de diligencia cuando no realiza las gestiones que le fueron encomendadas en el tiempo oportuno, de la manera adecuada y sin dilaciones.[22]    Claramente, en el ejercicio de la profesión legal no hay espacio para que sus integrantes se conduzcan con displicencia, dejadez y desidia en el trámite de los asuntos que le han sido encomendados.[23]

A modo de ejemplo, este Foro ha manifestado que ciertas prácticas constituyen una infracción al deber de diligencia dispuesto en el Canon 18 del Código de Ética Profesional, *supra*, a saber: (1) no comparecer a los

---

[20] In re Armenteros Chervoni, supra; In re Rivera Nazario, supra.

[21] In re Miranda Daleccio, supra, pág. 762.  Véanse, además: In re Pietri Torres, 191 DPR 482, 488 (2014); In re Dávila Toro, 179 DPR 833, 842 (2010).

[22] In re Pietri Torres, supra; In re Reyes Coreano, 190 DPR 739, 750-751 (2014).

[23] Véanse In re Nazario Díaz, supra; In re Reyes Coreano, supra; In re Díaz Nieves et als., 189 DPR 1000, 1012 (2013).

señalamientos del tribunal; (2) no contestar los interrogatorios presentados; (3) no informar a las partes respecto a la presentación de un perito; (4) desatender o abandonar el caso; (5) permitir que expire el término prescriptivo o jurisdiccional de una causa de acción; e (6) incurrir en cualquier tipo de actuación negligente que pueda desencadenar o, en efecto, desencadene en la desestimación o archivo del caso.[24]   En cuanto a este último y en lo que respecta al caso de epígrafe, hemos señalado que infringe el Canon 18 del Código de Ética Profesional, *supra*, aquel abogado que muestra una conducta negligente que pueda desencadenar o, en efecto, desencadene en la desestimación o archivo de un caso o en la pérdida de la causa de acción de su cliente.[25]

B. Canon 19: Información al cliente

El Canon 19 del Código de Ética Profesional, *supra*, establece -en lo pertinente- que "[e]l abogado debe mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado".   Es decir, dicho Canon exige que el representante legal mantenga en todo momento una comunicación efectiva con su cliente.[26]   Ello se traduce

---

[24] In re Miranda Daleccio, supra, págs. 762-763; In re Santos Cruz, 2015 TSPR 75, 193 DPR ___ (2015); In re Nieves Nieves, 181 DPR 25, 38 (2011); In re Vilches López, 170 DPR 793, 798 (2007).

[25] In re Nazario Díaz, supra; In re Pietri Torres, supra; In re Díaz Nieves et als., supra, págs. 1011-1012.

[26] In re Cuevas Borrero, 185 DPR 189, 200 (2012).

en que el letrado informará directamente a su representado las gestiones realizadas y su desarrollo, le consultará sobre los asuntos que estén fuera del ámbito discrecional del abogado, y cumplirá las directrices del cliente siempre y cuando éstas se encuentren dentro del marco ético.[27]

Es importante subrayar que la obligación de mantener informado al cliente constituye un elemento imprescindible en la relación de fiducia que caracteriza el vínculo abogado-cliente[28] y se configura como una obligación ética independiente del deber de diligencia consagrado en el Canon 18 del Código de Ética Profesional, *supra*.[29]

En el pasado hemos manifestado que un abogado infringe el Canon 19 del Código de Ética Profesional, *supra*, cuando: "no se atienden los reclamos de información que el cliente solicita; no se le informa del resultado adverso de la gestión encargada; la acción se desestima o se archiva; no se mantiene al cliente al tanto del estado o la situación procesal del caso o, simplemente, se le niega información del caso".[30] Ante

---

[27] In re Nazario Díaz, supra; In re Cuevas Borrero, supra.

[28] In re Santos Cruz, supra; In re Pietri Castellón, 185 DPR 982, 992 (2012); In re Muñoz, Morell, 182 DPR 738, 752 (2011).

[29] In re Santos Cruz, supra; In re Cuevas Borrero, supra; In re Mulero Fernández, supra, pág. 30.

[30] In re Reyes Coreano, supra, págs. 752-753. Véase, además, In re Nazario Díaz, supra.

esto, conviene enfatizar que el hecho de no informar al cliente sobre su caso no solo constituye una violación al Canon 19 del Código de Ética Profesional, *supra*, sino que claramente entorpece el proceso de impartir justicia.[31]

Por último, debemos recalcar que los casos pertenecen a los clientes y éstos tienen derecho a mantenerse informados de todos los asuntos y las gestiones importantes que se susciten en la tramitación de su caso.[32]

Expuesto el marco legal, pasemos a discutir si el licenciado Rosario Vázquez infringió los Cánones 18 y 19 del Código de Ética Profesional, *supra*.

III

En la querella presentada ante este Tribunal, la PG planteó que el licenciado Rosario Vázquez faltó a su deber de ser capaz y diligente en la defensa de los intereses de su representado, el señor Torres Vázquez, ello en violación al Canon 18 del Código de Ética Profesional, *supra*. En particular, el querellado asumió la representación legal del quejoso y presentó una Notificación de Apelación ante la Junta Apelativa de Inmigración e indicó que más adelante presentaría un escrito legal para sustentar la apelación. Para ello, el ente administrativo concedió un término, mas el

---

[31] In re Nazario Díaz, supra.

[32] In re Muñoz Morell, supra, pág. 753.

licenciado Rosario Vázquez no presentó el mencionado escrito ni solicitó prórroga para cumplir con ello, por lo que la apelación fue desestimada sumariamente.

En sus comparecencias ante este Foro, el querellado admitió que no había presentado el escrito legal en el término concedido. Ante esto, explicó que dicha omisión se debió a que no se calendarizó adecuadamente en el sistema de su oficina y, además, que le había indicado al cliente que no podía discutir los méritos del caso hasta tanto recibiera el récord de los procedimientos ante el Juez de Inmigración.

La evidencia presentada en el caso de epígrafe y examinada por la Comisionada Especial demostró que el licenciado Rosario Vázquez no actuó diligentemente en la defensa de su cliente, pues la transcripción a la que alude se recibió con tiempo suficiente para examinarla y discutirla con su representado. Increíblemente, el querellado dejó transcurrir casi 1 año y no realizó gestión alguna entre la fecha límite para entregar el escrito legal ante la Junta Apelativa de Inmigración (29 de enero de 2010) y la fecha de la desestimación sumaria (6 de enero de 2011). La conducta reflejada por parte del licenciado Rosario Vázquez demuestra desidia y ello provocó que -ante la falta de confianza en el querellado- el señor Torres Vázquez incurriera en gastos adicionales para contratar nueva representación legal.

Claramente, en relación con el Canon 18 del Código de Ética Profesional, *supra*, el querellado no desplegó su más profundo saber y habilidad en la representación de su cliente ni actuó en la forma adecuada y responsable como estima la profesión jurídica.

De igual forma, la PG imputó al licenciado Rosario Vázquez la infracción del Canon 19 del Código de Ética Profesional, *supra*, fundamentándose en que éste no mantuvo informado de manera adecuada a su representado acerca de que el caso fue desestimado sumariamente por la Junta Apelativa de Inmigración. En específico, el señor Torres Vázquez adujo que se enteró de la decisión adversa en su caso por la notificación que recibió del mencionado ente administrativo y no por comunicación de su abogado. Además, el licenciado Rosario Vázquez no citó al señor Torres Vázquez para discutir lo relacionado a la desestimación sumaria, sino que fue el mismo cliente quien buscó al abogado para conversar sobre el asunto. Ante esto, en sus comparecencias ante esta Curia, el querellado se limitó a plantear que la notificación de la desestimación fue enviada de forma simultánea tanto a él como al quejoso, por lo que este último no se vio perjudicado.

Según surge de la evidencia examinada por la Comisionada Especial, y que no fue controvertida por el querellado, el señor Torres Vázquez no había visto ni

había tenido comunicación con el licenciado Rosario Vázquez desde que firmaron el contrato de servicios legales, esto a pesar de que el quejoso iba a la oficina del licenciado a pagar los plazos de los honorarios acordados y a solicitar información sobre el caso, ante lo cual solo le indicaban que se comunicarían con él, pero ello nunca ocurrió.

Como hemos mencionado, el hecho de no informar al cliente sobre asuntos importantes que surjan en el trámite del caso constituye una violación al Canon 19 del Código de Ética Profesional, *supra*. En relación con este Canon, del expediente surge que el licenciado Rosario Vázquez actuó con indiferencia en el manejo del caso del señor Torres Vázquez, esto al no mantenerlo informado sobre los procedimientos ante la Junta Apelativa de Inmigración. Es claro que el licenciado Rosario Vázquez no cumplió con su deber continuo de mantener al cliente informado sobre los desarrollos del caso y más cuando este último visitó la oficina legal de su abogado, pero allí no se le informó que se había recibido la transcripción del récord ni la determinación apelada, y así poder discutir los méritos del caso.

En el curso de este procedimiento disciplinario, el licenciado Rosario Vázquez no ha presentado prueba de atenuantes, a excepción de haber aceptado los hechos imputados en violación al Canon 18 del Código de Ética

Profesional, *supra*, mas no lo hizo en relación a los hechos que se le imputan bajo el Canon 19 del Código de Ética Profesional, *supra*. A su vez, el querellado no ha sido objeto de alguna medida disciplinaria previa por parte de este Foro. Debemos considerar el hecho indubitado de que la actuación negligente del querellado desencadenó en la desestimación sumaria del caso del señor Torres Vázquez, quien claramente resultó perjudicado por el pobre desempeño de su abogado en la tramitación del caso.

En cuanto a los honorarios, el licenciado Rosario Vázquez cobró la totalidad acordada ($1,500), pero no realizó toda la labor encomendada por su cliente. Según surge de la determinación de la Junta Apelativa de Inmigración, la desestimación sumaria del caso se debió a que el abogado no presentó el documento legal que se comprometió a entregar. Asimismo, del expediente no surge que el querellado hubiese devuelto alguna cantidad al quejoso, quien además tuvo que incurrir en gastos adicionales al acudir a otro representante legal.

Por todo lo anterior, concluimos que no hay razón para intervenir con las conclusiones esbozadas en el Informe de la Comisionada Especial. En vista de que ésta es la primera ocasión en que se toma una medida disciplinaria en contra del licenciado Rosario Vázquez,

procedemos a suspenderle del ejercicio de la abogacía por el término de 3 meses.

IV

Por las razones expuestas, se ordena la suspensión inmediata del licenciado Rosario Vázquez por el término de 3 meses y, además, se le ordena que devuelva al señor Torres Vázquez la cantidad de $1,500 que recibió por concepto de honorarios.

El licenciado Rosario Vázquez deberá notificar de forma inmediata a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y deberá devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por cualquier trabajo no realizado. De igual forma, tendrá la responsabilidad de informar inmediatamente de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Asimismo, deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de 30 días, contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Michaelangelo Rosario Vázquez      CP-2014-11      Conducta
      (TS-11,114)                                   Profesional

SENTENCIA

San Juan, Puerto Rico, a 19 de enero de 2017.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se ordena la suspensión inmediata del Lcdo. Michaelangelo Rosario Vázquez por el término de 3 meses y, además, se le ordena que devuelva al Sr. Juan Torres Vázquez la cantidad de $1,500 que recibió por concepto de honorarios.

El licenciado Rosario Vázquez deberá notificar de forma inmediata a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y deberá devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por cualquier trabajo no realizado. De igual forma, tendrá la responsabilidad de informar inmediatamente de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Asimismo, deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de 30 días, contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.


                              Juan Ernesto Dávila Rivera
                              Secretario del Tribunal Supremo