EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Ismael E. Jusino Torres<br>(TS-10,002) | 2022 TSPR 141<br><br>210 DPR ___ |

Número del Caso: CP-2018-9

Fecha: 17 de noviembre de 2022

Oficina del Procurador General:

    Lcdo. Omar J. Andino Figueroa
    Subprocurador General

    Lcda. Mabel Sotomayor Hernández
    Subprocuradora General Auxiliar

    Lcda. Jannelle M. Laforet Matos
    Procuradora General Auxiliar

    Lcda. Yaizamarie Lugo Fontánez
    Procuradora General Auxiliar

Abogados del Querellado:

    Lcdo. José Enrico Valenzuela Alvarado
    Lcda. Mariangeli Mercado Torres

Comisionada Especial:

    Hon. Crisanta González Seda

Materia: Conducta Profesional – Suspensión inmediata del ejercicio de la abogacía por el término de tres (3) meses por violación a los Cánones 18, 19, 35 y 38 del Código de Ética Profesional.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ismael E. Jusino Torres
     (TS-10,002)

CP-2018-0009

*PER CURIAM*

En San Juan, Puerto Rico, a 17 de noviembre de 2022.

Nos corresponde nuevamente ejercer nuestra facultad disciplinaria sobre un integrante de la clase togada que se apartó de las normas éticas que rigen nuestra profesión. Ello, como consecuencia de haber incumplido con los Cánones 18, 19, 35 y 38 del Código de Ética Profesional, infra.

**I.**

El Lcdo. Ismael E. Jusino Torres fue admitido al ejercicio de la abogacía el 13 de enero de 1992.

El 1 de noviembre de 2016, la Sra. Ana H. Ortiz Arroyo y su hijo, el Sr. Julio Fernández Ortiz, (promoventes) presentaron una queja contra los licenciados Ismael E. Jusino Torres y Arnaldo Fernandini Sánchez. Relataron que en el 2002 le solicitaron al

licenciado Jusino Torres que les representara en un caso de impericia médica por la muerte del hijo de la señora Ortiz y hermano del señor Fernández Ortiz.[1] Explicaron que pactaron honorarios a razón del 33% de la indemnización y que, por la complejidad del caso, el licenciado Jusino Torres recomendó unir al caso al licenciado Fernandini Sánchez. Así se hizo y el 14 de noviembre de 2002 el licenciado Fernandini Sánchez presentó la demanda.[2] Los promoventes narraron que durante el transcurso del pleito, uno de los codemandados, el Hospital Dr. Pila, presentó una petición de quiebra.[3] Por esta razón, su caso quedó paralizado, lo que impidió que el pleito prosiguiera contra los demás médicos y hospitales demandados. Aseveraron que en su momento el licenciado Jusino Torres les informó sobre la paralización del caso y les indicó que: (1) la paralización duraría aproximadamente siete (7) años; (2) dada esas circunstancias no era necesario que se comunicaran con él, y (3) de surgir alguna situación, él o el licenciado Fernandini Sánchez se lo informarían.[4]

Transcurridos los siete (7) años, en agosto del 2014 se les informó a los promoventes que el licenciado Jusino Torres

---

[1] Véase, *Queja* de 1 de noviembre de 2016 a la cual se le asignó el alfanumérico AB-2016-0338. Destacamos que, aunque la queja se presentó en contra de ambos abogados, esta Opinión únicamente tiene el fin de disponer del asunto disciplinario contra el licenciado Jusino Torres. El trámite disciplinario contra el licenciado Fernandini Sánchez se completó de manera independiente. Al licenciado Fernandini Sánchez se le imputó violar los Cánones 18 y 19 del Código de Ética Profesional, 4 LPRA Ap. IX. Por tal razón, el 15 de diciembre de 2017 lo amonestamos y le apercibimos que en el futuro debe ser más diligente en la tramitación de las gestiones profesionales que le hayan sido encomendadas por su cliente. Consecuentemente, archivamos la queja en su contra.
[2] *Íd.*
[3] *Íd.*
[4] *Íd.*

se había trasladado a los Estados Unidos y que cualquier pregunta relacionada al caso se la tenían que hacer llegar al licenciado Fernandini Sánchez. Manifestaron que llamaron a la oficina del licenciado Fernandini Sánchez en varias ocasiones, pero no lograron comunicación. Posteriormente, acudieron al Tribunal por derecho propio para solicitar que relevaran a los letrados de su representación legal.[5] Relataron que el foro primario declaró con lugar su solicitud y que contrataron los servicios de la Lcda. Pilar Muñoz Nazario como su nueva representación legal. Esta última compareció al pleito y solicitó la reapertura del caso. No obstante, el tribunal denegó su solicitud porque el caso de quiebra había concluido en el año 2010 y la solicitud de reapertura se presentó fuera del término correspondiente. Por lo antes expuesto los promoventes sostuvieron que el licenciado Jusino Torres fue negligente en su encomienda y dejó expirar el término para solicitar la reapertura del caso.[6]

El 9 de enero de 2017 el licenciado Jusino Torres contestó la queja y, entre otras cosas, alegó que durante el proceso legal advino en conocimiento de que tendría que incluir como demandado a la Red de Médicos Asociados del Sur (REMAS). Adujo que ello representaba un conflicto de intereses porque anteriormente había fungido como asesor legal de la compañía y, además, que su padre era miembro de la Junta de

---

[5] Íd.
[6] Íd.

Directores.[7] Por tal razón, le informó al licenciado Fernandini Sánchez que estaba impedido de asumir la representación legal de los promoventes.[8] No obstante, puso su oficina a la disposición de los promoventes para que estos pudieran reunirse con el licenciado Fernandini Sánchez a fin de realizar los trámites administrativos del litigio.[9] Aseveró que no intervino en los procedimientos del litigio ni en los trámites que se suscitaron después. Argumentó que una vez el licenciado Fernandini Sánchez asumió la representación legal de los promoventes, recayó en él la obligación de representar los intereses de los clientes ante los tribunales y de mantenerlos informados sobre todos los trámites e incidencias del caso.[10] Así, enfatizó que como no tenía ninguna obligación para con los promoventes, no se le podía imputar responsabilidad alguna por los hechos narrados en la queja, particularmente, por no informar a los clientes sobre la culminación del proceso de quiebra del Hospital Dr. Pila.[11]

Los promoventes presentaron una réplica el 25 de enero de 2017 en la que indicaron que no era correcto lo que aseveró el licenciado Jusino Torres en su contestación.[12] Arguyeron que el licenciado Jusino Torres fue su abogado. En apoyo a su contención acompañaron copia de un cheque que el licenciado

---

[7] Véase, *Contestación a la Que[ja]* de 9 de enero de 2017, pág. 2.
[8] Íd.
[9] Íd.
[10] Íd. pág. 4.
[11] Íd.
[12] Véase, *Carta* de 25 de enero de 2017.

Jusino Torres emitió a favor del perito del caso, Dr. Benjamín Pagán, el 22 de julio de 2003 por la cantidad de $1,000.[13]

Así las cosas, el 31 de enero de 2017 referimos el asunto a la Oficina del Procurador General (OPG) para que realizara la correspondiente investigación y sometiera su Informe. En cumplimiento, la OPG solicitó una respuesta del licenciado Jusino Torres a la réplica de los promoventes, específicamente en torno a la alegación del cheque.[14] El licenciado Jusino Torres contestó y explicó que emitió el cheque a favor del perito porque era necesario para el pleito y los promoventes no tenían los medios económicos para pagarlo.[15] Por lo tanto, realizó el pago de los honorarios para que no se afectara el proceso.[16]

Posteriormente, y luego de examinar el expediente del caso, la OPG le remitió al licenciado Jusino Torres una Carta mediante la que le solicitó que expusiera su posición sobre lo siguiente: (1) que intervino en el caso de los promoventes de manera proactiva ya que mantenía comunicación constante con el licenciado Fernandini Sánchez; (2) que compareció dos veces ante el foro primario, en representación de los promoventes, y (3) que recibió $7,723.21 por concepto de honorarios de abogado.[17]

---

[13] Íd.
[14] *Carta de 2 de febrero de 2017*, Apéndice, pág. 33.
[15] *Escrito Informativo*, Apéndice, pág. 35.
[16] Íd.
[17] *Carta de 21 de abril de 2017*, Apéndice, pág. 37. Para llegar a estas conclusiones, la OPG utilizó como evidencia: (1) copia de varias comunicaciones relacionadas con el caso que estaban firmadas por el licenciado Jusino Torres o que fueron remitidas a él por el licenciado Fernandini Sánchez; (2) copia de dos actas de las vistas celebradas los

El licenciado Jusino Torres contestó y reiteró su posición de que no tuvo una participación proactiva en el litigio.[18] Reafirmó que, como no era él el abogado de récord, nunca tuvo control del caso ni tomó decisiones en cuanto a este.[19] Asimismo, atestiguó que toda comunicación relacionada con el caso la recibía el licenciado Fernandini Sánchez, por lo que no tenía forma de enterarse del término establecido para la reapertura del caso, para así poder comunicárselo a los promoventes.[20] Finalmente, aclaró que las veces que acudió al tribunal fue en sustitución del licenciado Fernandini Sánchez y no como abogado de los promoventes.[21]

Así las cosas, el 13 de marzo de 2017 la OPG les solicitó a los promoventes que explicaran, entre otras cosas, cómo advinieron en conocimiento de que el caso de quiebras había finalizado y por qué pidieron la renuncia de los abogados.[22] En cumplimiento, los promoventes sostuvieron los mismos planteamientos que presentaron en su queja.[23]

El 21 de junio de 2017 la OPG sometió su Informe. Concluyó que el licenciado Jusino Torres violó los Cánones 18 y 19 del Código Ética Profesional, 4 LPRA Ap. IX, C. 18, 19: (1) al desvincularse del caso luego de que se ordenó la

---

días 12 de mayo de 2004 y 30 de junio de 2005 donde el licenciado Jusino Torres compareció ante el tribunal en representación de los promoventes, y (3) copia del cheque que emitió el licenciado Fernandini Sánchez a favor del licenciado Jusino Torres por la cantidad de $7,723.21, por concepto de honorarios de abogado del caso de los promoventes.
[18] *Escrito en cumplimiento de Orden*, Apéndice, págs. 57-61.
[19] Íd.
[20] Íd.
[21] Íd.
[22] *Carta de 23 de marzo de 2017*, Apéndice, págs. 68-69.
[23] *Carta de 11 de abril de 2017*, Apéndice, págs. 70-74.

paralización, y (2) al no mantener comunicación ni informar a los promoventes sobre el procedimiento de quiebra de uno de los codemandados. Además, encontró que el licenciado Jusino Torres incumplió los Cánones 35 y 38 del Código Ética Profesional, 4 LPRA Ap. IX, C. 35, 38, al faltar a la verdad durante el procedimiento disciplinario e indicar que solo sirvió de enlace entre el licenciado Fernandini Sánchez y los promoventes, a pesar de que la evidencia demostró que su participación fue proactiva. Ello, debido a que mantenía constante comunicación con el licenciado Fernandini, cobró $7,723.21 por concepto de honorarios de abogado y se le reembolsaron $1,192.64 por los gastos incurridos en el litigio.[24] En consecuencia, la OPG recomendó que comenzáramos un procedimiento disciplinario en su contra.[25]

El 13 de septiembre de 2017 el licenciado Jusino Torres presentó una *Moción en Cumplimiento de Orden para Expresar Postura en cuanto al Informe del Procurador General* en la que reafirmó que no violentó ningún postulado ético puesto que su participación en el litigio fue de servir de enlace entre los promoventes y el licenciado Fernandini Sánchez. Sostuvo que era este último quien, por ser el abogado de récord, recibía las órdenes, minutas, sentencias y demás notificaciones que remitía el foro primario.

Atendidos el Informe de la OPG y la moción del promovido, el 15 de diciembre de 2017 le ordenamos al Procurador General

---

[24] *Informe del Procurador General*, Apéndice, pág. 29.
[25]  Íd. pág. 30.

que presentara una querella contra el licenciado Jusino Torres por los hechos de la queja. De conformidad, el Procurador General presentó la querella que se identificó con el alfanumérico CP-2018-0009, donde se le imputaron varios cargos éticos.[26]

El 19 de junio de 2019 el licenciado Jusino Torres contestó a la Querella. En esencia, reiteró que "nunca fue abogado de récord de los promoventes en la referida demanda, nunca recibió notificaciones, resoluciones u órdenes ni sentencias del Tribunal de Primera Instancia o tribunal alguno, así como escritos legales de las otras partes en el

---

[26] Los cargos fueron los siguientes:

CARGO I y II: El licenciado Jusino Torres infringió los preceptos de los Cánones 18 y 19 de Ética Profesional al no ser diligente y competente en representar los intereses de la parte querellante en el caso J DP2002-0554, luego de decretada la paralización del litigio y al no mantener comunicación con los querellantes con posterioridad a la misma, lo cual impidió que estos pudieran solicitar la reapertura del caso una vez se levantó la paralización y se aprobó el plan de reorganización.

CARGO III: El licenciado Jusino Torres infringió los preceptos del Canon 35 de Ética Profesional al haber faltado a su deber de sinceridad y honradez durante este procedimiento disciplinario pues negó haber tenido una relación abogado y cliente con la parte querellante con posterioridad a la presentación de la demanda, e indicó que sólo sirvió de enlace entre el licenciado Fernandini y los querellantes.

CARGO IV: El licenciado Jusino Torres infringió los preceptos del Canon 38 de Ética Profesional al no exaltar el honor y la dignidad de la profesión y al no haber evitado la apariencia de conducta impropia, al haberse desligado de sus clientes una vez se ordenó la paralización del caso ante el Tribunal de Primera Instancia, al no haber mantenido una comunicación efectiva con estos con posterioridad a la paralización, haber negado falsamente la relación abogado-cliente existente con la parte querellante en este procedimiento disciplinario y al continuar una relación abogado-cliente con los querellantes durante la tramitación del caso, a pesar de que reconoce la existencia de un conflicto o potencial conflicto de interés, conforme hizo mención en sus comparecencias ante este Honorable Tribunal. Véase, *Querella* de 11 de abril de 2018.

pleito".[27] Asimismo, aseveró que "al ver un posible potencial de conflicto de interés con uno de los codemandados en el caso de los promoventes, éste nunca asumió la representación legal del caso y el mismo fue asumido en su totalidad por el licenciado Fernandini Sánchez."[28]

El licenciado Jusino Torres negó ser el representante legal de REMAS y aclaró que su padre, al momento del pleito, no formaba parte de la Junta de Directores.[29] Sin embargo, señaló que REMAS figuraría como codemandada en el pleito y que, esta era la compañía administradora del Centro de Diagnóstico y Tratamiento de Guayanilla, lugar donde su padre laboraba como médico.[30] Por ende, entendió que era prudente no intervenir en el pleito. Así, nos solicitó que, tomando en consideración los hechos anteriores, desestimáramos la Querella.

El 15 de septiembre de 2021 designamos a la Hon. Crisanta González Seda, exjueza del Tribunal de Primera Instancia, como Comisionada Especial para recibir la prueba y rendir un informe con determinaciones de hecho y recomendaciones en derecho. Tras varios trámites procesales, los cuales incluyeron varias vistas e intercambio de prueba de ambas partes, el 18 de enero de 2022 se celebró la vista final. Allí comparecieron el licenciado Jusino Torres por sí y representado por el Lcdo. José E. Valenzuela Alvarado y la

---

[27] *Contestación a Querella y en solicitud de desestimación*, pág. 2.
[28] Íd. pág. 3
[29] Íd. pág. 18.
[30] Íd.

Lcda. Mariangeli Mercado Torres. La OPG estuvo representada por la Lcda. Yaizamarie Lugo Fontánez, quien estaba acompañada de la Lcda. Juliana Nikol Castro Ramos.

La Comisionada Especial encontró probados los hechos siguientes:

(1) los promoventes le solicitaron al licenciado Jusino Torres que les representara en un caso de impericia medica;

(2) el licenciado Jusino Torres les explicó que necesitarían unir a otro abogado al pleito por la complejidad de la materia, el licenciado Fernandini Sánchez;

(3) el licenciado Jusino Torres y el licenciado Fernandini Sánchez acordaron representar a los promoventes y asumir los gastos, los cuales serían descontados de la compensación que recibieran los promoventes;

(4) los honorarios se fijaron al 33% de la indemnización que en su día recibieran los promoventes;

(5) una vez se presentó el pleito, el licenciado Fernandini Sánchez asistía a la mayoría de las vistas, siendo sustituido en dos ocasiones por el licenciado Jusino Torres;

(6) ambos abogados se comunicaban sobre lo que ocurría;

(7) los promoventes entendían que ambos abogados eran sus representantes legales y tenían comunicación con ambos;

(8) el licenciado Jusino Torres era quien le informaba de las incidencias en el caso a los promoventes;

(9) el licenciado Jusino Torres aceptó que se comunicaba con los promoventes sobre asuntos relacionados al caso; que trabajó con cartas extrajudiciales, cartas a médicos y aclaraba dudas que surgieran en las conversaciones con los promoventes;

(10) en el 2005 se concretó un acuerdo transaccional de $50,000 con uno de los codemandados, Southern Medical *DIBIA,* Hospital Bella Vista del Suroeste, que fue aprobado por los promoventes y en el cual el licenciado Jusino Torres participó;

(11) de ese dinero se cobraron los gastos asumidos por los abogados y los honorarios de ambos abogados;

(12) el licenciado Jusino Torres recibió dos cheques: el primer cheque de $1,192.64 en calidad de reembolso de gastos que él incurrió y el segundo cheque de $7,723.21 en concepto de honorarios de abogado;

(13) en el año 2007 se celebró una vista sobre una solicitud de paralización del caso ante el Tribunal de Quiebras, ya que uno de los codemandados, el Hospital Dr. Pila, presentó una petición de quiebra;

(14) el 28 de enero de 2008 el foro primario emitió una Sentencia mediante la que ordenó el archivo sin perjuicio y se reservó su jurisdicción para reabrir el caso cuando la paralización se dejara sin efecto;

(15) el licenciado Fernandini Sánchez presentó una moción para que se le permitiera continuar contra los otros demandados no incluidos en el caso de quiebras, la cual el tribunal denegó;

(16) el licenciado Fernandini Sánchez se comunicó con el licenciado Jusino Torres en el mes de enero de 2008 y le informó que se paralizó el caso, que le iba a enviar el expediente para que lo entregara al cliente;

(17) el licenciado Jusino Torres notificó a los promoventes que el caso se paralizó y que permanecería así por alrededor de siete años;

(18) después del 2008, el licenciado Fernandini Sánchez no trabajó más con el licenciado Jusino Torres ni tuvieron otra interacción;

(19) en el 2009 el licenciado Jusino Torres cambió de ubicación de oficina;

(20) en el 2013 el licenciado Jusino Torres cerró su oficina, pero continuó haciendo gestiones hasta

junio de 2014, cuando finalmente se mudó al estado de Texas;

(21) tras cumplirse los siete años de la paralización del caso, los promoventes intentaron múltiples veces localizar al licenciado Jusino Torres;

(22) tras varios intentos fallidos, solicitaron al tribunal que relevaran a ambos abogados de su representación legal;

(23) el tribunal concedió el relevo;

(24) los promoventes contrataron a una abogada para levantar la paralización del caso;

(25) el tribunal denegó la solicitud amparándose en que esta fue tardía, debido a que el caso estaba cerrado desde el 2010;

(26) los promoventes desconocían lo que es un abogado de récord y el licenciado Jusino Torres nunca les dijo que no era abogado de récord, ni que se comunicaran con el licenciado Fernandini Sánchez sobre la quiebra, y

(27) la abogada contratada por los promoventes negoció con el licenciado Fernandini Sánchez un resarcimiento para los promoventes y logró un acuerdo con él.[31]

Por lo antes expuesto, la Comisionada Especial entendió que de la prueba surgía —de manera clara, robusta y convincente— que el licenciado Jusino Torres fue representante legal de los promoventes desde el 2002 hasta el 2014, cuando le pidieron la renuncia. En consecuencia, concluyó que incurrió en conducta contraria a los preceptos éticos y no evitó siquiera la apariencia de conducta impropia. Esto, pues alegó que tenía un conflicto ético o un probable conflicto ético el cual consideraba que era un impedimento

---

[31] *Informe de la Comisionada Especial*, págs. 16-22.

para actuar en ese caso, pero no lo informó a los promoventes ni les dio la oportunidad de que ellos decidieran si querían mantenerlo como su representante legal o buscar otro abogado de su preferencia. Inclusive, continuó representándolos y cobró honorarios profesionales de una transacción.

A base de lo anterior, nos corresponde emitir una decisión final sobre la conducta que desplegó el licenciado Jusino Torres a la luz del derecho aplicable.

**II.**

**A.  Cánones de Ética Profesional**

**1. Canon 18**

El Canon 18 del Código de Ética Profesional, supra, requiere que los abogados y las abogadas rindan una labor idónea de competencia y diligencia. In re Villalona Viera, 206 DPR 360, 373-374 (2021); In re Sánchez Reyes, 204 DPR 548, 567 (2020); In re Peña Osorio, 169 DPR 738, 790 (2019). El deber de diligencia "implica que el [abogado y la abogada] realice las gestiones que le fueron encomendadas en momento oportuno, en forma adecuada y sin dilaciones que puedan afectar la pronta solución de la controversia". In re Amill Acosta, 181 DPR 934, 940 (2011), citando a S. Steidel Figueroa, Ética y responsabilidad del abogado, San Juan, Pubs. JTS, 2010, pág. 179. Lo anterior, pues en la profesión de la abogacía no existe espacio para que los abogados y las abogadas actúen con indiferencia, desidia, despreocupación, inacción y displicencia en la tramitación de los casos que le han sido encomendados. In re Elaine Vélez Torres,

2022 TSPR 79, 209 DPR __ (2022); In re Cuevas Borrero, 185 DPR 189, 199 (2012).

Ciertas conductas constituyen, de su faz, violaciones al deber de diligencia que dispone el Canon 18, supra. Entre esas conductas hemos resaltado las siguientes: (1) no comparecer a los señalamientos del Tribunal; (2) no contestar los interrogatorios presentados; (3) desatender o abandonar el caso; (4) permitir que expire el término prescriptivo o jurisdiccional de una causa de acción, e (5) incurrir en cualquier tipo de actuación negligente que resulte en la desestimación o archivo del caso. In re Miranda Daleccio, 193 DPR 753, 762-763 (2015).

**2. Canon 19**

El Canon 19 del Código de Ética Profesional, supra, le impone a todo abogado y abogada la obligación de mantener a su cliente informado sobre aquellos asuntos importantes que surjan durante el trámite del caso que le fue encomendado. Esta obligación aplica independientemente del deber de diligencia comprendido en el Canon 18. In re Elaine Vélez Torres, supra; In re Hon. González Rodríguez, 201 DPR 174, 2010 (2018). Así, para cumplir adecuadamente con el deber que impone el Canon 19 es necesario que el abogado o la abogada se comunique efectivamente con sus clientes. In re Rosario Vázquez, 197 DPR 237, 248 (2017).

A su vez, todo representante legal debe tener en cuenta que el caso pertenece al cliente. Por lo tanto, este o esta tiene derecho a mantenerse informado de todos los asuntos y

las gestiones importantes que se susciten en la tramitación del caso. In re Hon. González Rodríguez, supra, pág. 211. Cabe destacar que no se trata de cualquier tipo de comunicación entre un o una representante legal y el cliente, sino aquella mediante la cual se informa al cliente debidamente de todo asunto importante. In re Rivera Rodríguez, 202 DPR 1026 (2019). Un abogado o una abogada incumple con este canon cuando no le informa al cliente cuál es el estatus procesal del caso, si hubo un resultado adverso, así como cuando el letrado o letrada se torna inaccesible o no atiende los reclamos de información que le hace su cliente. In re Rivera Rodríguez, supra, pág. 12.

**3. Canon 35**

Por su parte, el Canon 35 del Código de Ética Profesional, supra, exige que los miembros de la profesión legal se conduzcan de forma sincera y honrada y se ajusten a la sinceridad de los hechos al examinar testigos, al redactar afidávits u otros documentos.

En tal sentido, la clase togada tiene la obligación insoslayable de desempeñar sus funciones con integridad, sinceridad y honradez. In re Pagán Díaz, 198 DPR 398, 407 (2017). El abogado o la abogada que le provee al tribunal información falsa o que no se ajuste a la verdad, o que oculte información que deba ser revelada, incumple con el Canon 35. In re Valentín Custodio, 187 DPR 529, 547 (2012).

Cónsono con lo anterior, los juristas -ya sea en su encomienda notarial o en la práctica de la abogacía- deben

comunicar hechos ciertos que sean compatibles con la realidad. In re Pagán Díaz, supra, pág. 408.

**4. Canon 38**

El Canon 38 del Código de Ética Profesional, supra, dispone el deber de todo abogado y abogada de exaltar el honor y la dignidad de su profesión, y de evitar hasta la apariencia de conducta profesional impropia. Un abogado y una abogada debe regirse conforme a los más altos postulados éticos. In re Rádinson Pérez et al., 204 DPR 522, 542 (2020); In re Rivera Rodríguez, supra, pág. 1053. Ello, debido a que nuestra profesión tiene un gran impacto en la vida y en la propiedad de otras personas. Íd. Es por esto que la clase togada debe —y tiene— que conducirse con dignidad y honor en el ejercicio de sus funciones profesionales. Canon 38 del Código de Ética Profesional, supra.

**III.**

Los promoventes sostienen que el licenciado Jusino Torres se apartó de los postulados éticos al no ser diligente y competente en representar sus intereses en el caso de impericia médica ante el foro primario luego de decretada la paralización del litigio. De igual manera alegan que, al no mantener comunicación con ellos una vez se paralizó el pleito, ello impidió que estos pudieran solicitar oportunamente la reapertura del caso una vez se levantó la paralización. En consecuencia, su causa de acción prescribió.

Analizada la normativa ética pertinente entendemos que, conforme refleja el *Informe de la Comisionada Especial*, el

licenciado Jusino Torres violó los Cánones 18, 19, 35 y 38 del Código de Ética Profesional, <u>supra</u>.

Surge de la evidencia que, aunque no era el abogado de récord, el licenciado Jusino Torres se comportó en todo momento como representante legal de los promoventes. Desde el inicio hubo una comunicación continua entre los licenciados Jusino Torres y Fernandini Sánchez respecto a todos los asuntos importantes del litigio. Aun cuando el abogado de récord ante el foro primario era el licenciado Fernandini Sánchez, ambos abogados se comunicaban, confeccionaban interrogatorios e intercambiaban impresiones y estrategias después de cada vista.[32] Los actos del licenciado Jusino Torres durante el proceso judicial, incluyendo su participación en la negociación de la transacción con uno de los codemandados —y su aceptación de honorarios— demuestran que actuó como representante legal de los promoventes, quienes lo

---

[32] Véase, Apéndice de la *Querella*, págs. 8, 9, 13, 14, 15 y 16. En estos documentos el licenciado Jusino Torres intercambiaba correos electrónicos y cartas con los abogados de los demandados. Adviértase que el licenciado Jusino Torres remitió una carta en el 2003 al licenciado Fernandini Sánchez en la cual se refirió expresamente a los promoventes como "nuestros clientes". La carta lee:

[. . .]

Estimado Lcdo. Fernandini:

Adjunto 8 documentos, todos titulados "<u>Autorización para Divulgación de Información y Récords Médicos</u>" debidamente, [sic] **firmados por nuestros clientes.**

Sin otro particular quedo,

[FIRMA]
Lcdo. Ismael Jusino Torres

Véase, Apéndice de la *Querella*, pág. 15. (énfasis suplido)(subrayado en el original).

consideraban uno de sus abogados.[33] En consecuencia, el licenciado Jusino Torres no podía desvincularse de sus clientes una vez el pleito quedó paralizado, so pretexto de que este no era su abogado de récord.

Reiteradamente hemos expresado que el deber de diligencia que emana del Canon 18, supra, es incompatible con la desidia, despreocupación y displicencia en el trámite de un caso. In re Elaine Vélez Torres, supra; In re Cuevas Borrero, supra. La conducta del licenciado Jusino Torres luego de decretada la paralización del litigio se caracterizó por la despreocupación, la indiferencia, la dejadez, y la ausencia de diligencia y competencia en representar los intereses de los promoventes, sin explicación para ello. Por años el licenciado Jusino Torres no se comunicó con los promoventes para informarles el estatus de los procedimientos. Al así actuar, violentó el Canon 18.

Por otra parte, el licenciado Jusino Torres omitió comunicarles a los promoventes que continuaría su práctica en el estado de Texas. Tampoco recibieron notificación alguna sobre el cierre permanente del caso. Como consecuencia de la falta de comunicación por parte de la representación legal de

---

[33] El 9 de marzo de 2005 el licenciado Jusino Torres celebró una reunión con la representante legal de la codemandada Southern Medical d/b/a Hospital Bella Vista del Suroeste (Hospital Bella Vista) en la cual discutieron los detalles de una oferta de transacción. Véase, *Oferta de Transacción*, Apéndice de la *Querella*, pág. 45. Asimismo, mediante Carta de 10 de marzo de 2005 los licenciados Jusino Torres y Fernandini Sánchez rechazaron la oferta propuesta por el Hospital Bella Vista. Ambos firmaron como representante legal de los promoventes. Véase, *Contestación a Oferta de Transacción*, Apéndice de la *Querella*, pág. 46. Véanse, además, Apéndice de la Querella, págs. 47-49.

los promoventes, la causa de acción fue archivada con perjuicio, sin que el foro primario permitiera luego su reapertura. Como sabemos, un abogado o una abogada incumple el Canon 19, supra, cuando no le informa al cliente cuál es el estatus procesal del caso, si hubo un resultado adverso, **así como cuando se torna inaccesible o no atiende los reclamos de información que le hace su cliente**. In re Rivera Rodríguez, supra, pág. 12. Por ende, la omisión de informar un aspecto tan importante del caso, así como la inaccesibilidad del licenciado Jusino Torres en contestar las llamadas y requerimientos de sus clientes, resultó en una violación al Canon 19.

En cuanto al Canon 35, debemos destacar que el licenciado Jusino Torres les ocultó a los promoventes el alegado conflicto de interés que tenía con uno de los codemandados del pleito. Por ello, no tuvieron la oportunidad de decidir si retendrían al licenciado Jusino Torres como su abogado o si buscarían otra representación legal. Ocultar esa información dejó en un estado de desinformación a los promoventes.

Por otra parte, durante todo el proceso del pleito ante el foro primario —e inclusive durante el proceso de investigación del proceso disciplinario— el licenciado Jusino Torres representó y comunicó que este no era el abogado de los promoventes cuando de sus acciones se evidencia palmariamente lo contrario. Consta del expediente que el licenciado Jusino Torres compareció dos veces a conferencias

sobre el estado de los procedimientos. Véanse, *Acta de 12 de mayo de 2004* y *Acta de 20 de julio de 2005*, Apéndice de la *Querella*, págs. 50-54. Asimismo, se desprende del expediente que para el 2005 el licenciado Jusino Torres cobró $7,723.21 por honorarios profesionales.[34]

La clase togada tiene la obligación insoslayable de desempeñar sus funciones con integridad, sinceridad y honradez. In re Pagán Díaz, supra, pág. 407. Al omitir información y representar que no era abogado de los promoventes —cuando en efecto lo era—, actuó contrario al Canon 35.

Finalmente, la prueba estableció —de manera clara, robusta y convincente— que el licenciado Jusino Torres incurrió en la conducta que se alega y no evitó siquiera la apariencia de conducta impropia. Esto, pues alegó que tenía un conflicto ético o un probable conflicto que consideraba era un impedimento para actuar en ese caso, pero no lo informó a sus clientes y actuó contrario a ese posible conflicto. Entiéndase, si el licenciado Jusino Torres entendía que había un probable conflicto de intereses, debió desligarse por completo del caso y no continuar aportando y laborando como representante legal de los promoventes. El hecho de que el licenciado Jusino Torres no constara como abogado de récord no lo hace menos representante legal que el licenciado

---

[34] Así como lo hizo constar la Comisionada Especial, en el expediente hay prueba de que al licenciado Jusino Torres se le remitieron dos cheques: (1) $1,192.64 por reembolso de gastos, y (2) $7,723.21 por honorarios profesionales. Véanse, Apéndice de la *Querella*, págs. 55-56.

Fernandini Sánchez y, mucho menos, elimina el conflicto de interés. Por ende, el licenciado Jusino Torres no evitó, ni tan si quiera, la apariencia de conducta impropia. En consecuencia, violó el Canon 38.

**IV.**

Ningún caso disciplinario es idéntico. Además de las infracciones cometidas, este Tribunal ha establecido que al imponer una sanción disciplinaria se deben tomar en consideración los factores siguientes: (1) la reputación del letrado en la comunidad; (2) su historial previo; (3) si esta constituye su primera falta y si ninguna parte ha resultado perjudicada; (4) la aceptación de la falta y su sincero arrepentimiento; (5) si se trata de una conducta aislada; (6) el ánimo de lucro que medió en su actuación; (7) el resarcimiento al cliente, y (8) cualesquiera otras consideraciones —ya sean atenuantes o agravantes— que medien según los hechos. In re Sánchez Pérez, 2022 TSPR 98, 209 DPR __ (2022).

Evaluado el derecho aplicable, así como la conducta del letrado, **suspendemos inmediatamente al licenciado Jusino Torres del ejercicio de la abogacía por el término de tres (3) meses.**[35] Le ordenamos al señor Jusino Torres notificar a

---

[35] Véanse, In re Lugo Quiñones, 206 DPR 1 (2021)(suspendimos del ejercicio de la abogacía y notaría por el término de tres meses a un letrado por violar los Cánones 9, 12, 18, 19, 35 y 38 del Código Ética Profesional, supra, por no presentar el memorando de derecho solicitado por el Tribunal de Primera Instancia y por no mantener informado al cliente sobre los asuntos esenciales del litigio); In re Ortiz Sánchez, 201 DPR 765 (2019)(suspendimos del ejercicio de la abogacía y notaría por el término de tres meses a una letrada por violar los Cánones 9, 11, 35 y 38 del Código Ética Profesional, supra, al remitir al oficial jurídico de uno de

todos y todas sus clientes de su inhabilidad para continuar representándoles y a devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no realizados.

Además, deberá informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de 30 días contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale al ejercicio de la abogacía de solicitarlo en el futuro.

Notifíquese.

Se dictará Sentencia de conformidad.

---

los Jueces de este Tribunal, copia de una moción en auxilio de jurisdicción que presentó ese mismo día ante nuestra Secretaría y posteriormente responder a las advertencias del oficial jurídico a través de mensajes en tono desafiante e irrespetuoso. Asimismo, durante el procedimiento disciplinario instado en su contra, no fue sincera y ofreció respuestas que pretendían inducir a error); In re Peña Ríos, 202 DPR 5 (2019)(suspendimos del ejercicio de la abogacía por el término de seis meses a un letrado que violó los Cánones 9, 12, 18, 35 y 38 del Código Ética Profesional, supra, al aceptar un acuerdo transaccional sin informar ni consultarlo con su clienta; endosar el cheque producto del negocio con el nombre de la clienta y depositarlo en la cuenta bancaria de este); In re Miranda Daleccio, 193 DPR 753 (2015)(suspendimos del ejercicio de la abogacía, por el término de tres meses a un letrado que violó los Cánones 18, 19 y 38 del Código Ética Profesional, supra, por incumplir las órdenes dictadas por el Tribunal de Primera Instancia; no fue competente ni diligente e incumplió con su deber ineludible de mantener informados a sus clientes sobre los asuntos importantes que surgieron en la tramitación del caso que se le encomendó).

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Ismael E. Jusino Torres         CP-2018-0009
    (TS-10,002)

SENTENCIA

En San Juan, Puerto Rico, a 17 de noviembre de 2022.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, suspendemos inmediatamente al licenciado Ismael E. Jusino Torres del ejercicio de la abogacía por el término de tres (3) meses.

Le ordenamos al señor Jusino Torres notificar a todos y todas sus clientes de su inhabilidad para continuar representándoles y a devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no realizados.

Además, deberá informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de 30 días contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale al ejercicio de la abogacía de solicitarlo en el futuro.

Notifíquese esta Opinión *Per Curiam* y Sentencia al señor Jusino Torres.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Kolthoff Caraballo no intervino.


                                    Javier O. Sepúlveda Rodríguez
                                    Secretario del Tribunal Supremo