EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| | 2016 TSPR 208 |
| Carlos A. Vilches López | 196 DPR ____ |
| | |

Número del Caso: CP-2014-3
              (TS-5979)


Fecha: 23 de septiembre de 2016


Abogado del Querellado:

        Lcdo. Rubén Guzmán Torres


Oficina de la Procuradora General:

        Lcda. Karla Pacheco Álvarez
        Subprocuradora General

        Lcda. Tanaira Padilla Rodríguez
        Subprocuradora General

        Lcda. Gisela Rivera Matos
        Procuradora General Auxiliar


Comisionada Especial:

        Hon. Ygrí Rivera de Martínez


Materia: Conducta Profesional – La suspensión será efectiva el 8 de septiembre de 2016, fecha en que se le notificó por correo a la abogada de su suspensión inmediata

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Lcdo. Carlos A. Vilches López | CP-2014-3<br>TS-5979 |

*PER CURIAM*

San Juan, Puerto Rico, a 23 de septiembre de 2016.

I

El Lcdo. Carlos A. Vilches López (licenciado Vilches López) fue admitido al ejercicio de la abogacía el 1 de noviembre de 1978 y prestó juramento como notario el 22 de noviembre de 1978.

El 27 de febrero de 2014, la Procuradora General presentó una Querella sobre conducta profesional contra el letrado en la que se le imputan violaciones a los Cánones 12, 18, 19, 20 y 38 del Código de Ética Profesional, 4 LPRA Ap. IX. Esto por desatender el caso de una cliente, el cual fue posteriormente desestimado sin perjuicio. Por ello, nombramos Comisionada Especial a la Hon. Ygrí Rivera de Martínez, quien en cumplimiento de sus funciones y tras los trámites de rigor rindió su Informe el 5 de mayo de 2016.

Del Informe de la Comisionada Especial surgen las determinaciones de hecho siguientes:

1. La Sra. Angelita Rivera Troche contrató los servicios del Lcdo. Carlos A. Vilches López para que la representara en un caso de liquidación de herencia.

2. No se firmó contrato de servicios profesionales por escrito.

3. La Sra. Angelita Rivera Troche hizo un pago inicial de $1,500.00 para honorarios de abogado el 27 de agosto de 2010 y un segundo pago de $402.00 el 11 de febrero de 2011 para cubrir gastos al licenciado Vilches López.

4. El 8 de octubre de 2010 la señora Rivera Troche tuvo la primera cita con el licenciado Vilches López en la que ésta le habló del caso.

5. Las reuniones pautadas para 20,22,25 de octubre de 2010 y 18 de noviembre del 2010 fueron canceladas porque el abogado tenía problemas de salud.

6. El 7 de diciembre de 2010 el licenciado Vilches López radicó demanda en el caso Angelita Rivera Troche, et al. v. Alfredo Rivera Sánchez, civil número ISCI-2010-101867, en el Tribunal de Primera Instancia, Sala de Mayagüez sobre Liquidación y Partición de Caudal Relicto.

7. Hechos que surgen del trámite procesal del expediente estipulado Angelita Rivera Troche et al. v. Alfredo Rivera Sánchez, civil número ISCI-2010-101867.

   a. El 25 de febrero de 2011 el Lcdo. Vilches López radicó Solicitud de Emplazamiento por Edicto.
   b. El 14 de marzo de 2011 notificada el 18 de marzo siguiente, el tribunal emitió Orden declarando "con lugar" la solicitud de emplazar por edicto.
   c. El 6 de mayo de 2011, el Lcdo. Vilches López radicó moción informando cambio de su dirección postal y teléfonos.
   d. El 21 de septiembre de 2011 el Lcdo. Vilches López radicó Moción Informativa en la que expresó que en los últimos meses su salud se había visto seriamente deteriorada y solicitó vista de autorización judicial.

e. El 28 de octubre 2011, notificada el 14 de noviembre de 2011, el Tribunal emitió Resolución en la que se da por enterado de la moción presentada el 21 de septiembre de 2011 e informó que el caso había sido desestimado sin perjuicio por falta de emplazamiento.

8. El 7 de octubre de 2011, notificada el 20 de octubre siguiente, el Tribunal de Primera Instancia, Sala de Mayagüez dictó Sentencia en la que expresa que, examinado el expediente y transcurrido el tiempo en exceso del término dispuesto en las Reglas de Procedimiento Civil, vigentes en cuanto a las diligencias para el emplazamiento, ordena el archivo bajo la Regla 4.3 (c) de las de Procedimiento Civil, según enmendadas.

9. El licenciado Vilches López no le notificó a la señora Rivera Troche que el caso Angelita Rivera Troche, et al. v. Alfredo Rivera Sánchez, civil número ISCI-2010-01867 había sido desestimado sin perjuicio por falta del trámite del emplazamiento por edicto.

10. La señora Rivera Troche el 4 de abril de 2012 obtuvo copia del expediente del caso Angelita Rivera Troche, et al. v. Alfredo Rivera Sánchez, civil número ISCI-2010-01867, Tribunal de Primera Instancia, Sala de Mayagüez, y se enteró que el caso había sido desestimado sin perjuicio por falta del diligenciamiento del emplazamiento por edicto.

11. A pesar de la condición de salud que aquejaba al licenciado Vilches López, éste no presentó moción de renuncia de representación legal.

12. El licenciado Vilches López le informó al tribunal su condición de salud después de 9 meses de radicada la demanda.

13. El expediente del caso le fue devuelto por el licenciado Vilches López a la señora Rivera Troche el 23 de octubre de 2013 mediante la intervención de la Lcda. Gisela Rivera Matos, Procuradora General Auxiliar.

14. El licenciado Vilches López el 21 de septiembre de 2013 le devolvió a la señora Rivera Troche $1,902.00 que ésta pagó en honorarios de abogado para que el letrado radicara la demanda de

liquidación de herencia, litigara el caso más los gastos del pleito.

15. También el licenciado Vilches López le devolvió a la señora Rivera Troche $150.00 que ésta pagó en gastos por la copia del expediente del caso ISCI-2010-01867.

16. El Lcdo. Carlos A. Vilches López fue admitido al ejercicio de la abogacía por este Honorable Tribunal, el 1ro de noviembre de 1978 y al ejercicio del notariado el 22 de noviembre de 1978.

17. Tuvo una suspensión por el término de 3 meses del ejercicio de la profesión. Opinión Per Curiam In re Vilches López, 170 D.P.R. 793 (2007)

18. El querellado ha tenido y tiene diversos problemas de salud y acepta que la moción notificándole su situación de salud al foro de instancia de Mayagüez no fue radicada con la anticipación que debió haberla hecho, dados los problemas de salud que confrontaba

19. Acepta, además, que no completó los trámites para perfeccionar el emplazamiento por edicto, ya que por su condición de salud se le olvidó.

20. Reconoce que por lo enfermo que se encontraba para esas fechas y por el hecho de que también para ese momento [le afectaron ciertas situaciones familiares], no se enteró de la desestimación del caso hasta prácticamente cuando surgió la querella y por ende tampoco le informó a la clienta, aquí quejosa, lo que había acontecido en su caso, pues lo desconocía.

21. Expone el querellado, que de ninguna manera pretende negar o minimizar su responsabilidad por lo acontecido y que sólo desea que se tome en consideración que acepta no haber actuado satisfactoriamente en cuanto a que no culminó el procedimiento para el emplazamiento por edicto y no estuvo al tanto de las notificaciones del tribunal sobre la desestimación del caso, lo que motivó el no percatarse de las mismas e informarlo a la quejosa.

22. Insiste y reafirma el querellado el hecho de que lo que motivó el no percatarse de todo lo anterior, creándose tal descuido, obedece a una grave condición de salud que para aquel m[o]mento dificultó el cumplimiento de su deber, unido ello

a [una situación familiar] que lo afectó física y emocionalmente y le impidió la concentración en los deberes de la profesión.

23. Aunque consideramos que el querellado pudo haber cumplido con su deber como abogado, a pesar de sus problemas de salud y personales, no obstante, su reconocimiento de los graves errores cometidos, su arrepentimiento y sufrimiento mostrado nos parecen honestos.

La Comisionada Especial concluyó que el licenciado Vilches López incurrió en conducta violatoria de los Cánones 12, 18, 19, 20 y 38 del Código de Ética Profesional, *supra*. No obstante, recomendó que consideráramos que "el querellado aun continúa enfermo y con independencia de los graves errores cometidos por él, los cuales surgen claramente de la prueba presentada, éste ha mostrado un gran sufrimiento, arrepentimiento y reconocimiento honesto de sus errores".[1]

El Informe de la Comisionada Especial fue notificado a las partes, y finalmente, el caso quedó sometido en los méritos para su adjudicación por lo que procedemos a analizar las normas aplicables.

II

El Código de Ética Profesional establece las normas mínimas de conducta que guían la práctica de los miembros de la profesión legal. Esto con el objetivo de promover los más altos principios éticos para beneficio del cliente, la profesión, la sociedad y las instituciones de justicia. *In re Ortiz Guevara,* res. el 21 de marzo de 2016, 195 DPR __ (2016); *In re Rivera Nazario,* 193 DPR 573, 582 (2015).

---

[1] *Informe de la Comisionada Especial*, pág. 35.

En lo pertinente, el Canon 12, *supra*, establece que:

Es deber del abogado hacia el tribunal, sus compañeros, las partes y testigos el ser puntual en su asistencia y conciso y exacto en el trámite y presentación de las causas. Ello implica el desplegar todas las diligencias necesarias para asegurarse de que no se causen dilaciones indebidas en su tramitación y solución.

Al respecto, hemos indicado que este deber se extiende a todas las etapas de un litigio. Además, viola este canon todo abogado que cause confusiones innecesarias y obstaculice el proceso judicial. *In re Irizarry Rodríguez*, 193 DPR 633, 663 (2015).

Asimismo, el Canon 18, *supra*, requiere que todo abogado defienda los intereses de su cliente diligente y competentemente. Para ello debe desplegar "en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable". *In re Miranda Daleccio*, 193 DPR 753 (2015). Por lo tanto, constituye una violación al deber de diligencia del Canon 18, *supra*, aquella conducta negligente que pueda acarrear, o que acarree, la desestimación o archivo del caso. *In re Rivera Nazario*, supra.

Por otro lado, el Canon 19, *supra*, requiere a todo abogado mantenga informado a su cliente de los asuntos importantes que surjan durante el trámite del caso encomendado. De lo contrario, el abogado no solamente violaría el canon sino que perjudicaría el proceso de impartir justicia. *In re Rivera Nazario*, supra; *In re Reyes*

*Coreano*, 190 DPR 739 (2014). De particular importancia son las sentencias desestimatorias, las cuales deben ser informadas inmediatamente al cliente. *In re Castro Colón*, 177 DPR 333 (2009); *In re García Muñoz*, 170 DPR 780 (2007).

Asimismo, el Canon 20, *supra*, dispone que cuando el abogado ha comparecido ante un tribunal en representación de un cliente, este debe obtener el permiso del tribunal para renunciar a la representación. *In re Villalba Ojeda*, 193 DPR 966 (2015); *In re Iglesias García*, 183 DPR 572 (2011). Para ello, debe existir razón justificada o imprevista. Hasta entonces el abogado está obligado a realizar su gestión profesional y exhibir el más alto grado de competencia y diligencia posible a tenor con las exigencias del Código de Ética Profesional, *supra*. *In re Díaz Nieves*, 189 DPR 1000 (2013). De igual forma, tan pronto se autorice la renuncia, los abogados están obligados a entregar al cliente el expediente y todo documento relacionado con el caso.

Por otro lado, los abogados son el espejo donde se refleja la imagen de la profesión. *In re De León Rodríguez*, 190 DPR 378 (2014). Por lo tanto, estos deben "esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia". Canon 38 del Código de Ética Profesional, supra; *In re Pestaña Segovia*, 192 DPR 485 (2014); *In re Iglesias García*, supra. Esto pues, "toda

conducta contraria a las pautas éticas pone en entredicho las valiosas ejecutorias y beneficios a los cuales los profesionales del derecho han contribuido históricamente". *In re Iglesias García*, supra, pág. 577. Es por ello que se le recomienda a todos los abogados actuar a un nivel superior, y no al margen, de lo establecido por los cánones del Código de Ética Profesional. *In re Rivera Navarro,* 193 DPR 303 (2015).

Por último, al determinar la sanción disciplinaria a imponer evaluamos los factores siguientes: (1) la buena reputación del abogado en la comunidad, (2) su historial previo, (3) si esta constituye su primera falta y si alguna parte ha resultado perjudicada, (4) la aceptación de la falta y su sincero arrepentimiento, (5) si se trata de una conducta aislada, (6) el ánimo de lucro que medió en su actuación, (7) resarcimiento al cliente, y (8) cualquiera otras consideraciones, ya bien atenuantes o agravantes, que medien de acuerdo con los hechos. *In re Ojeda Martínez*, 185 DPR 1068 (2012); *In re Guzmán Guzmán*, 181 DPR 495 (2011).

Asimismo, debido a que la Comisionada Especial es quien celebra una vista para recibir la prueba y rinde un informe con sus conclusiones de Derecho, sus determinaciones fácticas merecen nuestra mayor deferencia. Aunque no estamos obligados a aceptar su Informe en un procedimiento disciplinario contra un abogado, de ordinario sostendremos sus determinaciones de hecho, salvo que se

demuestre prejuicio, parcialidad o error manifiesto. *In re Salas Arena,* 188 DPR 339 (2013).

Con estos preceptos en mente, examinemos la conducta ante nuestra consideración.

## III

Al licenciado Vilches López se le imputa haber violado los Cánones 12, 18, 19, 20 y 38 de Ética Profesional, *supra*. Tras examinar la conducta desplegada por el licenciado Vilches López observamos que este no le comunicó al Tribunal ni a su cliente sus problemas de salud a tiempo y pretendió continuar un caso que no podía atender adecuadamente. Al así actuar, el licenciado Vilches López faltó a sus deberes bajo el Canon 12. Además, tal como fuera aceptado por el letrado, este no presentó una moción de renuncia cuando se percató de que no podía atender el caso diligentemente. Su omisión conllevó la desestimación del mismo por el foro primario; esto en violación al Canon 18. Tampoco le notificó a su cliente que el caso había sido desestimado en violación al Canon 19. Asimismo, quedó probado que el licenciado Viches López se demoró en devolver el expediente y el dinero pagado en honorarios de abogado cuando su cliente se lo solicitó en violación al Canon 20. Por último, al letrado presentar la Demanda, pero dejar de comparecer y no comunicarle a la cliente ni al tribunal los problemas de salud que le aquejaban demostró una actitud que laceró la dignidad y el honor que todo abogado debe exaltar. Esto en violación al Canon 38, supra.

Por lo tanto, y de conformidad con las normas aplicables resolvemos que el licenciado Vilches López incurrió en las violaciones imputadas. No obstante, sin que se entienda que condonamos la conducta exhibida por el licenciado Vilches López, pesa en nuestro ánimo que la representación legal en cuestión coincidió con el deterioro de su salud y otros asuntos de índole familiar. Aunque esta no constituye su primera falta, el licenciado Vilches López ha aceptado la misma y demostrado su sincero arrepentimiento. Asimismo, ha reembolsado a la cliente los honorarios pagados al igual que otros gastos en los que esta incurriera. Tras considerar las sanciones que hemos provisto en situaciones similares, entendemos adecuado suspender al licenciado Vilches López por un término de cuatro meses del ejercicio de la abogacía y la notaría.

Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lcdo. Carlos A. Vilches López

CP-2014-3
TS-5979

SENTENCIA

En San Juan, Puerto Rico, a 23 de septiembre de 2016.

Por los fundamentos antes expuestos, suspendemos al Lcdo. Carlos A. Vilches López por un término de cuatro meses del ejercicio de la abogacía y la notaría.

Asimismo, se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Colón Pérez concurre con la expresión siguiente:

"El Juez Asociado señor Colón Pérez concurre con el resultado por entender que la conducta desplegada por el Lcdo. Carlos A. Vilches López, --quien en el pasado ha incurrido una conducta similar, *In re: Vilches López, 170 P.P.R. 793 (2007)* --, y la cual se apartó de lo dispuesto en los Canones 12, 18, 19, 20 y 38 del Código de Ética Profesional, 4 L.P.R.A. Ap IX, debe conllevar – como mínimo – la suspensión del licenciado del ejercicio de la abogacía por un término de seis (6) meses".

La Juez Asociada señora Rodríguez Rodríguez y el Juez Asociado señor Rivera García no intervinieron.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo