EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| Carlos E. Rivera Justiniano (TS-17,373) | 2023 TSPR 82

212 DPR ___ |

Número del Caso: CP-2018-0014

Fecha: 28 de junio de 2023

Oficina del Procurador General:

> Lcda. Mabel Sotomayor Hernández
> Subprocuradora General
>
> Lcda. Celia M. Molano Flores
> Procuradora General Auxiliar
>
> Lcda. Yaizamarie Lugo Fontanéz
> Procuradora General Auxiliar
>
> Lcda. Noemí Rivera De León
> Procuradora General Auxiliar

Abogado del Querellado:

> Lcdo. Israel Roldán González

Comisionado Especial:

> Hon. Erick J. Ramírez Nazario

Materia: Conducta Profesional – Suspensión inmediata del ejercicio de la abogacía y la notaría por un término de tres meses por quebrantar los Cánones 18 y 19 del Código de Ética Profesional.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Carlos E. Rivera Justiniano        CP-2018-14
        (TS-17,373)

Conducta
Profesional

*PER CURIAM*

En San Juan, Puerto Rico, a 28 de junio de 2023.

Una vez más tenemos la obligación de disciplinar a un abogado por su conducta antiética. En particular, por infracciones a los Cánones 18 y 19 del Código de Ética Profesional, 4 LPRA Ap. IX.

En conformidad con los fundamentos que expondremos más adelante, procedemos a suspender de forma inmediata al Lcdo. Carlos E. Rivera Justiniano (licenciado Rivera Justiniano o abogado) del ejercicio de la abogacía y la notaría por el término de tres (3) meses.

I

El licenciado Rivera Justiniano fue admitido al ejercicio de la abogacía el 4 de febrero de 2009 y prestó juramento como notario el 14 de julio de 2014.

A. Trasfondo fáctico y procesal de la *Queja* AB-2016-243

1. Alegaciones de la parte promovente

El 4 de agosto de 2016, la Sra. Arlyn L. Serpa Mercado (señora Serpa Mercado o promovente) presentó una *Queja* en contra del abogado. En ésta, expresó que contrató al licenciado Rivera Justiniano para que la representara en una demanda que interesaba presentar en contra de la Universidad de Puerto Rico, Recinto de Arecibo (Universidad), y una empleada de dicho recinto, en su carácter personal. También manifestó que acudió junto al abogado al Tribunal de Primera Instancia en Arecibo y allí el juez recomendó que ambas partes se reunieran. Asimismo, sostuvo que en varias ocasiones trató de comunicarse -vía telefónica y mediante mensajes de texto- con el licenciado Rivera Justiniano para conocer si se había reunido con alguien de la Universidad, pero éste no le respondió.

La promovente señaló que luego recibió un correo electrónico de parte del abogado, en el que le notificaba que el foro de instancia había declarado *No Ha Lugar* la *Demanda* presentada.[1] A raíz de esto, indicó que procedió a

---

[1] Según surge del expediente, la *Demanda* sobre daños y perjuicios, y discrimen (*Arlyn Serpa Mercado v. Universidad de Puerto Rico Arecibo, et al.*, CDP2015-0060) fue presentada el 10 de abril de 2015 en el Tribunal de Primera Instancia, Sala Superior de Arecibo. Véase *Moción*

comunicarse con el licenciado Rivera Justiniano para apelar la mencionada determinación, pero que éste no respondió la llamada y sólo le envió un mensaje de texto que leía: "La llamo en 10 minutos", pero esto nunca ocurrió. Expresó, además, que llamó al abogado en repetidas ocasiones y le envió mensajes de texto con el propósito de poder reunirse con él, pero tampoco contestó.

Así pues, la señora Serpa Mercado planteó que las actuaciones del abogado le privaron de su derecho a apelar el dictamen del tribunal de instancia, pues cuando se le notificó la decisión de dicho foro ya el término para apelar había vencido. Según expuso la promovente, el licenciado Rivera Justiniano le notificó un (1) mes después de la determinación del foro de instancia. De igual forma, indicó que a la fecha en que presentó la *Queja* aún el abogado no le había respondido, por lo que se sintió "abandonada, en momentos difíciles por una persona en quien pus[o] [su] confianza y contrat[ó]".[2]

Además, para sustentar su versión de los hechos presentados en la *Queja*, la señora Serpa Mercado acompañó copia de los documentos siguientes: (1) mensajes de texto que envió al abogado; (2) *Contrato de prestación de servicios legales* que le envió el licenciado Rivera Justiniano el 18 de febrero de 2015; (3) recibo de honorarios

---

*conjunta sobre la prueba estipulada* (ante el Comisionado Especial), Exhibit VII, Anejo 1.

[2]    Véase *Queja*, pág. 2.

de abogado por $500; (4) volante de notificación de la *Sentencia* emitida por el tribunal de instancia el 31 de marzo de 2016, archivada en autos y notificada el 7 de abril de 2016; (5) *Sentencia* dictada por el tribunal de instancia el 31 de marzo de 2016; (6) mensaje enviado el 11 de mayo de 2016 por el abogado a la promovente -mediante correo electrónico- notificándole sobre la desestimación del caso,[3] y (7) mensaje enviado el 23 de mayo de 2016 por la señora Serpa Mercado al licenciado Rivera Justiniano -a través de correo electrónico- para expresarle su incomodidad por la falta de comunicación, cuestionarle en qué quedaba su caso y si se podía apelar el mismo y para solicitarle que se comunicara con ella para clarificar sus dudas.[4]

---

[3]  El texto del mensaje enviado por el Lcdo. Carlos E. Rivera Justiniano (licenciado Rivera Justiniano o abogado) a la Sra. Arlyn L. Serpa Mercado (señora Serpa Mercado o promovente) el 11 de mayo de 2016 lee de la manera siguiente:

Saludos Profesora.

La vista en el caso estaba pautada para mañana jueves 12 en la sala 404. Digo pautada[,] pues el Juez ha tomado la lamentable decisión de desestimar el caso.

Dice en síntesis, que él no puede conceder un remedio[,] pues no ha terminado el proceso administrativo, se tiene que emplazar al Presidente de la UPR (según él), pero peor aún, pues las alegaciones no justifican la concesión de un remedio. Eso último lo que significa es que según el Juez, lo que ha hecho la Doctora Cordero y el Rector de la Universidad no son actos que merezcan la intervención del Tribunal.

En la mañana temprano estaré en el Tribunal de San Juan, pero le llamo tan pronto salga. Debe ser poco antes del [mediodía].

Lcdo. Carlos E. Rivera Justiniano

Véase *Queja*, Anejo 7.

[4]  El texto del mensaje enviado por la señora Serpa Mercado al licenciado Rivera Justiniano el 23 de mayo de 2016 lee así:

Saludos Licenciado. Espero se encuentre bien. He tratado de comunicarme con usted desde hace mucho tiempo antes de que el tribunal tomar[a] la [decisión], pero al día de hoy no se ha comunicado conmigo, solo me envió este correo electrónico.

2. <u>Contestación a la Queja</u>

El 19 de agosto de 2016, la Secretaría de este Tribunal concedió al abogado un término de diez (10) días para que contestara la *Queja*. Ante la incomparecencia del licenciado Rivera Justiniano, el 23 de septiembre de 2016 se le concedió un término final de diez (10) días para que presentara su contestación y se le apercibió que, de no comparecer en dicho término, la queja sería referida al Pleno del Tribunal para la acción correspondiente. El abogado tampoco compareció.

Así las cosas, el 9 de noviembre de 2016, emitimos una *Resolución* en la que le concedimos al licenciado Rivera Justiniano un término final e improrrogable de cinco (5) días para comparecer ante este Tribunal y contestar la *Queja*. Finalmente, el 23 de noviembre de 2016, el licenciado Rivera Justiniano presentó su *Contestación a Queja*.

En síntesis, expuso que el 31 de marzo de 2016 el foro de instancia emitió una *Sentencia* en el pleito en el que representó a la promovente y que dicha decisión no fue

---

Es lamentable, ya que he confiado en usted, pero no he tenido respuesta alguna a tantas llamadas que le he realizado. Solo me informó a través de este comunicado que se estaría comunicando conmigo. Desconozco de muchos procesos legales[,] por eso he confiado en usted, pero a[ú]n no entiendo [por qué] se ha negado a responderme. Usted conoce todo el daño que me ha causado esta situación y a[ú]n así no me responde. Necesito saber en qu[é] queda mi caso y si se pued[e] apelar. Nuevamente reiter[o] mi confusión a su negación de contestarme mis dudas. Ya son muchas las llamadas y mensajes que le he dejado. Estoy muy ansiosa por la situación. Le agradeceré se comunique conmigo para yo poder clarificar mis dudas. Espero su respuesta.

favorable a ésta. Además, indicó que recibió la notificación del dictamen en mayo de 2016 y procedió a enviarla por correo electrónico a la señora Serpa Mercado.

El abogado manifestó que entendía la molestia de su representada en cuanto a la disposición del pleito y que él también estaba en desacuerdo, pero que la promovente tenía un caso -con las mismas alegaciones- ante el foro administrativo y éste aún no había concluido. Añadió que "en dicha acción administrativa se [buscaba] proteger intereses similares al pleito que [se llevó] en el [foro de instancia]; con la clara excepción de que en dicho proceso no podían reclamarse las acciones en daños del pleito que litigó […]".[5]  Ante esto, indicó que no le constaba el resultado de la reclamación a nivel administrativo, pero que ésta, de no haber concluido, "le permitiría a la [promovente] volver a acudir al tribunal a reclamar sus derechos, si ese fuera su interés".[6]

En relación con la alegación de la señora Serpa Mercado sobre la falta de comunicación entre ambos, el abogado sí lo aceptó.  Al respecto, planteó que sí realizó algunos esfuerzos para comunicarse con la promovente, pero éstos no se completaron.

En cuanto al planteamiento de la señora Serpa Mercado de que el abogado le privó su derecho a apelar el dictamen del tribunal de instancia, el licenciado Rivera Justiniano

---

[5]   Véase *Contestación a Queja*, págs. 1-2.

[6]   Íd., pág. 2.

expuso que el contrato entre las partes no incluyó el trámite apelativo y se especificó que "la apelación sería 'objeto de contratación subsiguiente'".[7]   Sobre esto, indicó lo siguiente:

> […] no habiendo nunca recibido comunicación para entregar el expediente, o documento alguno de la dama (pues se le había dado copia de cada carta y moción del caso), entendemos que nos difama y le falta a la verdad el decir que no le permitimos dar su derecho a apelar.  Mucho más cuando la misma, repetimos, tiene un caso en el foro administrativo que[,] hasta donde sabemos, no ha terminado.  Entendemos que la [señora Serpa Mercado] tiene un interés legítimo en su caso, el cual todavía, a nuestro entender, puede ventilar en los foros correspondientes y no se le ha privado de ningún derecho.[8]

Además, el abogado presentó sus excusas a este Tribunal al plantear que había confrontado dificultades con la entrega de su correspondencia, lo que provocó que en ocasiones se viera impedido de contestar a tiempo.

   3. Informe de la Oficina del Procurador General y presentación de la Querella

El 3 de mayo de 2017, la Oficina del Procurador General presentó su *Informe*.  En éste, reseñó los asuntos relacionados con la queja y la contestación a la queja.  A su vez, incluyó una relación de hechos basada en el examen de copia del expediente certificado en el caso *Arlyn Serpa Mercado v. Universidad de Puerto Rico Arecibo, et al.,* CDP2015-0060 (pleito en el que el licenciado Rivera Justiniano representó a la señora Serpa Mercado ante el

---

[7]   Véase *Contestación a Queja*, pág. 2.

[8]   *Íd.*, págs. 2-3.

Tribunal de Primera Instancia, Sala Superior de Arecibo).

Específicamente, se expuso que el abogado pudo haber incurrido en violación a los Cánones 18 y 19 del Código de Ética Profesional, 4 LPRA Ap. IX.

En cuanto al Canon 18 del Código de Ética Profesional, *supra*, la Oficina del Procurador General repasó que en el caso *Arlyn Serpa Mercado v. Universidad de Puerto Rico Arecibo, et al.*, CDP2015-0060, el foro de instancia emitió su *Sentencia* el 31 de marzo de 2016 y ésta se notificó a las partes el 7 de abril de 2016 a la dirección postal del licenciado Rivera Justiniano. Señaló que dicha dirección es la misma que surgía de las comparecencias ante el tribunal de instancia y de la *Contestación a Queja* presentada ante este Foro. En lo pertinente, la Oficina del Procurador General expresó lo siguiente:

> Del expediente del tribunal no surge que la notificación de la sentencia hubiese sido devuelta. **Aun cuando el promovido sostiene que recibió la notificación de la sentencia en el mes de mayo del 2016, lo cierto es que éste no presentó evidencia alguna para sostener su alegación.** Tampoco presentó moción alguna para aclarar la fecha en que recibió la sentencia y que se enmendara la notificación, a los fines de que se comenzara a contar el término para apelar el dictamen, a partir de la fecha en que recibió el mismo. (Énfasis nuestro).[9]

Por su parte, en relación al Canon 18 del Código de Ética Profesional, *supra*, la Oficina del Procurador General manifestó que de la copia del expediente certificado surgía claramente que la *Sentencia* fue notificada al licenciado

---

[9]   *Informe del Procurador General*, págs. 6-7.

Rivera Justiniano el 7 de abril de 2016; que el 11 de mayo de 2016 el abogado le envió a la promovente un mensaje a través de correo electrónico mediante el cual notificaba que el pleito tenía una vista señalada, pero que ésta no se celebraría porque el tribunal de instancia había desestimado la *Demanda*; que en dicho mensaje el licenciado Rivera Justiniano indicó que se comunicaría con la señora Serpa Mercado; que el 23 de mayo de 2016 la promovente le escribió un mensaje al abogado para indicarle sobre las gestiones que realizó para comunicarse con él y que ésta no había recibido respuesta de su parte; que la señora Serpa Mercado le indicó al licenciado Rivera Justiniano que tenía ciertas interrogantes sobre su caso y si podía apelar.

Al respecto, la Oficina del Procurador General manifestó que en la *Contestación a Queja* el abogado admitió que hubo falta de comunicación con la promovente "y aun cuando [éste] alegó haber hecho esfuerzos para comunicarse con la señora Serpa Mercado 'la verdad es que los mismos no se completaron'".[10] En lo pertinente, la Oficina del Procurador General indicó que:

> […] surge con claridad la falta de comunicación que había entre el licenciado Rivera Justiniano y su representada. Del expediente del tribunal surge que **la sentencia fue notificada el 7 de abril de 2016 al letrado y no es hasta el 11 de mayo de 2016, que el [abogado] le notifica a la promovente el dictamen emitido por el [t]ribunal.** En dicha comunicación no le explica los derechos que ésta tenía para apelar el dictamen o cualquier remedio que ésta tuviera para cuestionar el dictamen. Tampoco le

---

[10]   Véase *Informe del Procurador General*, pág. 7.

manifiesta si había una controversia en torno a la notificación y los remedios que [é]sta pudiera tener para presentar un reclamo en torno a ese aspecto.

De la comparecencia de la señora Serpa Mercado surge que ésta hizo gestiones para comunicarse con el licenciado Rivera Justiniano, a los fines de aclarar las interrogantes que le surgieron como consecuencia de la sentencia emitida por el tribunal e indagar qué alternativas tenía ésta para cuestionar ese dictamen, y el letrado no le contestó sus mensajes ni llamadas. **Como señalamos previamente, el letrado reconoce la falta de comunicación entre éste y la promovente.** (Énfasis en el original suprimido y negrilla nuestra).

En vista de lo anterior, la Oficina del Procurador General concluyó que la conducta desplegada por el licenciado Rivera Justiniano era indicativa de que éste pudo haber infringido los Cánones 18 y 19 del Código de Ética Profesional, *supra*.

Así pues, el 31 de mayo de 2017 emitimos una *Resolución* mediante la cual le concedimos al abogado un término de veinte (20) días para que se expresara sobre el *Informe* presentado por la Oficina del Procurador General.[11] Allí le apercibimos que, de no comparecer en el término provisto, este Tribunal resolvería el asunto sin el beneficio de su comparecencia. El licenciado Rivera Justiniano no compareció.

Más adelante, mediante *Resolución* del 1 de diciembre de 2017, tomamos conocimiento del *Informe* presentado por la

---

[11] El archivo en autos de copia de la *Resolución* fue el 7 de junio de 2017.

Oficina del Procurador General y le ordenamos a que procediera con la presentación de la *Querella*.[12]

Luego de la concesión de una prórroga el 13 de julio de 2018,[13] la Oficina del Procurador General presentó la *Querella* correspondiente el 14 de agosto de 2018. En ésta, reiteró la relación de hechos y el análisis expuestos en el *Informe* presentado el 3 de mayo de 2017. Asimismo, presentó los cargos siguientes en contra del abogado: (1) **Cargo I:** por infringir el Canon 18 del Código de Ética Profesional, *supra*, sobre la competencia del abogado y el consejo al cliente, y (2) **Cargo II:** por violar el Canon 19 del Código de Ética Profesional, *supra*, acerca de mantener informado al cliente. De acuerdo con la Oficina del Procurador General, del expediente surge evidencia relativa a que el licenciado Rivera Justiniano infringió ambas disposiciones del Código de Ética Profesional.

4. Contestación a Querella

En conformidad con la Regla 14(f) del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B, R. 14, el 15 de agosto de 2018 le ordenamos al abogado a contestar la *Querella* presentada en su contra en el término de quince (15) días a partir de

---

[12] El archivo en autos de copia de la *Resolución* fue el 6 de diciembre de 2017.

[13] El archivo en autos de copia de la *Resolución* fue el 19 de julio de 2018.

la notificación de nuestro *Mandamiento para contestar Querella sobre conducta profesional*.[14]

Transcurrido el término provisto sin que el licenciado Rivera Justiniano compareciera ante este Foro según lo ordenado, el 13 de septiembre de 2018 emitimos una *Resolución* en la que le concedimos un término final de diez (10) días para que contestara la *Querella*.[15] No obstante, el 21 de septiembre de 2018, el abogado solicitó una prórroga, la cual le concedimos mediante *Resolución* del 27 de septiembre de 2018.[16] Específicamente, le concedimos al licenciado Rivera Justiniano un término final e improrrogable de diez (10) días para que contestara la *Querella* y le apercibimos que, en caso de no comparecer en ese término, los procedimientos continuarían sin su comparecencia.

En cumplimiento con nuestra orden, el 11 de octubre de 2018, el abogado presentó su *Réplica a Querella.* En cuanto al cargo imputado por infringir el Canon 18, planteó que el fundamento de la Oficina del Procurador General para imputar la violación a dicho canon fue el asunto de la falta de notificación de la *Sentencia* a la promovente y, según él, esto "no puede ser suficiente para imputar falta de

---

[14]   La Oficina del Alguacil de este Tribunal diligenció personalmente el mandamiento el 16 de agosto de 2018.

[15]   El archivo en autos de copia de la *Resolución* fue el 14 de septiembre de 2018.

[16]   El archivo en autos de copia de la *Resolución* fue el 2 de octubre de 2018.

competencia (capacidad) del querellado".[17]  Al respecto, el

licenciado Rivera Justiniano señaló lo siguiente:

> La notificación de la Sentencia a la querellante es una falta que aceptamos.  Dicha Sentencia fue notificada al apartado de correo del querellado, por razón que desconocemos la misma fue archivada en el expediente de la querellante y no es hasta poco más de un mes de recibirse la misma que el querellado adviene en conocimiento de la misma.  De inmediato notificó la misma a la querellante.  La única posible explicación, para la falta de notificar la Sentencia en tiempo, lo es que el [querellado] [además de] su trabajo de abogado estaba participando activamente en el proceso eleccionario del 2016[,] lo cual limitaba considerablemente sus horas de oficina.  Debemos asumir que de buena fe la secretaria del querellado archivó dicha [S]entencia en el expediente de la querellante y no es hasta un mes (mayo) que el querellado se percata que dicha Sentencia se había recibido.
>
> Lo anterior no excusa la falta del querellado[,] pero es la única posible explicación del [por qué] [é]ste advino en conocimiento en mayo de 2016 de la referida Sentencia.
>
> La querellante alega, y el querellado acepta que luego de notificarle la [S]entencia [é]sta trató de comunicarse con él "para que [é]ste apelara la determinación[,] pero que el querellado alegadamente no le respondió".  La realidad es que la querellante s[í] la llamó a la oficina del querellado en momentos [en] que [é]ste no se encontraba.  Las gestiones del querellado de llamar a la querellante también fueron infructuosas.  Independientemente de que ambos no coincidieron al llamarse mutuamente, la realidad fáctica y jurídica era que el término para apelar había expirado al igual que el contrato entre las partes.  […]
>
> .  .  .  .  .  .  .  .
>
> Aceptamos pues que faltó el aquí querellado a su deber de notificar propiamente a la querellante de la Sentencia emitida.  Era su

---

**17**  Véase *Réplica a Querella*, pág. 6.

> responsabilidad y la misma no es delegable. Negamos vehementemente la alegación de falta de comunicación previa a la Sentencia.
>
> Luego de dialogar desapasionadamente, el aquí suscribiente, con el Lcdo. Rivera Justiniano, la propiedad de o la posibilidad de éxito en dicha apelación[,] concluimos que en estricto derecho la Sentencia es correcta. No se conjugan en la demanda los elementos de discrimen político, alegación en la cual insistía la querellante, ni se justifica la excepción a la doctrina del agotamiento de la vía administrativa. Lo anterior no excusa la falta de notificación de la Sentencia a la querellante para que [é]sta pudiera ejercer su derecho a apelar la Sentencia, pero un estudio de las conclusiones de hechos y de derecho de dicha Sentencia me lleva a concluir que la posibilidad de revertir la Sentencia no estaba presente. En mi opinión[,] la falta de apelación no le causó daño a la querellante[,] ya que el resultado de dicha apelación con toda posibilidad hubiera sido adverso a ella.
>
> .  .  .  .  .  .  .  .
>
> Dicha falta bajo las circunstancias en que se dio la misma no denota falta de competencia del abogado. Una lectura de sus escritos sería más que suficiente para concluir que estudió, se preparó adecuadamente y presentó sus argumentos con propiedad y fundamento. El hecho aislado y cierto de la falta de notificación no puede ser suficiente para imputar falta de competencia (capacidad) del querellado.[18]

Por otra parte, en relación al cargo imputado por infringir el Canon 19, el abogado indicó lo siguiente:

> El canon 19 trata de la obligación de mantener informado al cliente de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado.
>
> Como aceptamos[,] la Sentencia no fue notificada a la Sra. Arlyn Serpa Mercado, ello no fue un acto intencional del querellante aunque s[í] fue de su responsabilidad. Ello evitó que la querellante pudiera ejercer su derecho a

---

[18] Véase *Réplica a Querella*, págs. 4-6.

> apelación pero, en mi opinión, la realidad
> fáctica y el derecho aplicable hacían poco
> probable el éxito de dicha apelación. Como
> consecuencia de lo anterior[,] sometemos que
> aunque s[í] hubo una falta, que el [querellado]
> admite, [é]sta no podía causar daño a la
> querellante.[19]

Para finalizar, el licenciado Rivera Justiniano aceptó que cometió una falta, lo que admite y lamenta, por lo cual ofreció sus disculpas a la señora Serpa Mercado. Indicó, además, que aun cuando la promovente "no sufrió daño alguno al no poder apelar la referida Sentencia",[20] le ofrece a ésta "resarcirla en cualquier gasto o daño que le haya afectado".[21] Añadió que "es esposo y padre de cuatro (4) hijos que dependen en gran medida de su trabajo para su sustento [y] sería un castigo cruel el privar[lo] de su único medio para ganarse la vida y ser el proveedor excelente que siempre ha sido para sus cuatro (4) hijos".[22] Así pues, solicitó la indulgencia y misericordia de este Tribunal.

5. Proceso disciplinario ante el Comisionado Especial

El 25 de marzo de 2022 designamos al Lcdo. Erik Ramírez Nazario (Comisionado Especial) para que atendiera los procedimientos de la Querella que nos ocupa, y rindiera un Informe con las determinaciones de hechos y recomendaciones que estimara pertinentes. Así pues, el 19 de abril de 2022, éste citó a las partes para una vista sobre el estado de los

---

[19]   Véase *Réplica a Querella*, pág. 9.

[20]   Íd.

[21]   Íd.

[22]   Íd.

procedimientos el 11 de mayo de 2022, que luego fue reseñalada para el 16 de junio de 2022. Durante la vista, entre otros asuntos, el Comisionado Especial ordenó la presentación de una moción conjunta con relación a la prueba en el caso. Así, en cumplimiento de orden, el 11 de julio de 2022 las partes presentaron una *Moción conjunta sobre la prueba estipulada*.

Mediante *Orden* del 19 de julio de 2022, el Comisionado Especial señaló vista en su fondo para el 8 de septiembre de 2022. Llegado el día de la vista, comparecieron el Lcdo. Israel Roldán González (representante legal del abogado), el licenciado Rivera Justiniano y la Lcda. Noemí Rivera de León (en representación de la Oficina del Procurador General). Por su parte, el licenciado Roldán González expresó que su representado estaba de acuerdo con someter el caso por el expediente, esto significa por las alegaciones contenidas en el mismo. Ante esto, el Comisionado Especial le preguntó directamente al licenciado Rivera Justiniano si estaba de acuerdo con lo informado por su abogado, a lo que -bajo juramento- contestó que sí e indicó que lo hacía libre y voluntariamente. De esta forma, el Comisionado Especial indicó que el caso quedaba sometido por el expediente.

Así las cosas, el 4 de noviembre de 2022, el Comisionado Especial presentó su *Informe*, en el que expuso que los dos (2) cargos imputados quedaron plenamente sostenidos con la prueba presentada y admitida. Añadió que

no había duda de que dicha prueba era robusta, clara y convincente, y apoya los cargos imputados. Por todo lo cual, concluyó que el licenciado Rivera Justiniano infringió los Cánones 18 y 19 del Código de Ética Profesional, *supra*.

En este caso ni el Comisionado Especial ni la Oficina del Procurador General emitieron su recomendación sobre la sanción que pudiera imponerse al licenciado Rivera Justiniano, si alguna.

Finalmente, el caso quedó sometido en los méritos para su adjudicación el 7 de diciembre de 2022, por lo que procedemos a exponer la normativa aplicable.

II

Como parte de nuestro poder inherente para regular la abogacía en Puerto Rico, tenemos la obligación de asegurarnos de que los miembros admitidos al ejercicio de la profesión legal realicen sus funciones de forma responsable, competente y diligente. *In re* Vélez Torres, 209 DPR 848, 863 (2022); *In re* Raffucci Caro, 206 DPR 589, 605 (2021); *In re* Villalona Viera, 206 DPR 360, 369 (2021).

El Código de Ética Profesional establece las normas mínimas de conducta que rigen la práctica de la abogacía en nuestra jurisdicción, esto con el fin de promover los más altos principios éticos en beneficio del cliente, de la profesión legal, de la sociedad y de las instituciones de justicia. *In re* González Díaz, 201 DPR 145, 150 (2018); *In re* Vilches López, 196 DPR 479, 484-485 (2016).

A. <u>Incumplimiento con los Cánones del Código de Ética Profesional</u>

    1. <u>Canon 18 (Competencia del abogado y consejo al cliente)</u>

El Canon 18 del Código de Ética Profesional, *supra*, establece, en lo pertinente, que "[s]erá impropio de un abogado asumir una representación profesional cuando [es] consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia".

De igual manera, dicho canon dispone que "[e]s deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable". Canon 18 del Código de Ética Profesional, *supra*.

Como parte de esta obligación, se exige al abogado rendir una labor idónea, competente, diligente, oportuna y sin dilaciones, ya que actuar de forma contraria implica desplegar una conducta negligente, indiferente y displicente en los asuntos que se le han delegado. *In re* Sánchez Pérez, 2022 TSPR 98, 210 DPR \_\_\_ (2022). Por todo lo cual, el deber de diligencia consagrado en el Canon 18 del Código de Ética Profesional, *supra*, resulta "del todo incompatible con la desidia, despreocupación y displicencia" incurrida por un abogado al atender los asuntos encomendados por su cliente. *In re* Miranda Daleccio, 193 DPR 753, 762 (2015).

Asimismo, hemos expresado que el deber de diligencia profesional genera una obligación dual, esto tanto frente al cliente como ante los tribunales en la administración de la justicia. *In re* Rivera Nazario, 193 DPR 573, 583 (2015); *In re* Hoffman Mouriño, 170 DPR 968, 981 (2007). Incluso, el precepto ético que encarna el Canon 18 del Código de Ética Profesional, *supra*, es tan importante que ya hemos enfatizado que las situaciones personales, los problemas matrimoniales o familiares, así como los padecimientos de salud no justifican desatender las responsabilidades éticas que rigen la profesión legal en nuestra jurisdicción. *In re* Sánchez Pérez, *supra*.

Por otra parte, este Foro también ha señalado en múltiples ocasiones que actuaciones como éstas violan el deber de diligencia y competencia dispuesto en el Canon 18 del Código de Ética Profesional, *supra*: no contestar planteamientos fundamentales, ignorar órdenes dictadas por el tribunal, cometer errores crasos, desatender o abandonar los trámites del caso y permitir, mediante cualquier actuación negligente, que la acción se desestime sin realizar esfuerzos para evitarlo. *In re* Irizarry Vega, 198 DPR 1066, 1074 (2017); *In re* Rivera Nazario, *supra*, pág. 583; *In re* Díaz Nieves *et als.*, 189 DPR 1000, 1012 (2013); *In re* Vega Quintana, 188 DPR 536, 543 (2013).

A su vez, hemos indicado que el deber de diligencia requiere salvaguardar el derecho a recurrir de una determinación adversa, por lo que permitir que expire el

término de apelación constituye una conducta que entraña una violación a ese deber que tiene todo abogado. *In re* De León Rodríguez, 173 DPR 80, 89 (2008). Véase, además, *In re* Díaz Nieves *et als.*, *supra*, pág. 1013.

2. Canon 19 (Información al cliente)

El Canon 19 del Código de Ética Profesional, *supra*, le impone a todo abogado la obligación de mantener a su cliente informado sobre aquellos asuntos importantes que surjan durante el trámite del asunto que le fue encomendado. Esta obligación aplica independientemente del deber de diligencia comprendido en el Canon 18. *In re* Vélez Torres, *supra*, pág. 869; *In re* Hon. González Rodríguez, 201 DPR 174, 2010 (2018); *In re* Nazario Díaz, 198 DPR 793, 804 (2017).

Así, para cumplir efectivamente con el deber que impone el Canon 19 es necesario que el abogado se comunique efectivamente con sus clientes. *In re* Vélez Torres, *supra*, pág. 869; *In re* Rosario Vázquez, 197 DPR 237, 248 (2017). Esto significa que todo abogado debe cerciorarse de que su representado "esté debidamente informado de todos los asuntos importantes que se susciten en la tramitación de su caso". *In re* Miranda Daleccio, *supra*, pág. 764. Con esto en mente, el abogado informará directamente a su representado sobre las gestiones que ha realizado y el desarrollo de éstas, le consultará sobre aquellos asuntos que estén fuera del ámbito discrecional del abogado y cumplirá las directrices del cliente siempre y cuando se

encuentren dentro del marco ético. *In re* Rosario Vázquez, supra, pág. 248.

Asimismo, todo abogado debe tener en cuenta que el caso pertenece al cliente, por lo que éste tiene derecho a mantenerse informado de todos los asuntos y las gestiones importantes que ocurran en la tramitación del mismo. *In re* Rosario Vázquez, *supra*, pág. 249. En tanto, un abogado incumple con el Canon 19, por ejemplo, cuando no mantiene informado a su cliente del estado o situación procesal del caso, no le informa de un resultado adverso en la gestión encomendada, se torna inaccesible o no atiende los reclamos de información de su cliente. *In re* Ocasio Bravo, 209 DPR 1043, 1054 (2022); *In re* Lajara Radinson, 207 DPR 854 (2021); *In re* Carrasquillo Bermúdez, 203 DPR 847, 862 (2020).

Este Tribunal ha reiterado que una vez dictada una sentencia que pone fin de forma parcial o total a una causa de acción, constituye una obligación del abogado informar a su cliente sobre lo ocurrido en el caso. *In re* Pujol Thompson, 171 DPR 683, 689 (2007); *In re* García Muñoz, 170 DPR 780, 789 (2007).

3. El rol del Comisionado Especial

El Comisionado Especial que designemos para atender una querella en contra de un abogado ocupa el rol de un juez de instancia, pues tiene la encomienda de recibir la prueba y evaluarla, así como dirimir la credibilidad de aquella prueba testifical presentada. *In re* Colón Ortiz, 204 DPR 452, 460-461 (2020). Por regla general, las determinaciones

de un Comisionado Especial merecen nuestra deferencia. *In re* Meléndez Mulero, 208 DPR 541, 554 (2022).

De ordinario, este Foro sostendrá las determinaciones de hecho del Comisionado Especial, salvo que se demuestre prejuicio, parcialidad o error manifiesto. *In re* Colón Ortiz, *supra*, pág. 461; *In re* Soto Aguilú, 202 DPR 137, 146 (2019). Claro está, podemos adoptar, modificar o rechazar el informe presentado por el Comisionado Especial. *In re* Meléndez Mulero, *supra*, pág. 554.

Expuesto el marco legal aplicable, pasemos a evaluar si el licenciado Rivera Justiniano infringió los Cánones 18 y 19 del Código de Ética Profesional, *supra*.

III

Analizada la normativa aplicable, así como evaluados el expediente y el *Informe* presentado por el Comisionado Especial, con el cual coincidimos en su totalidad, surgen fundamentos más que suficientes para concluir que el abogado infringió los Cánones 18 y 19 del Código de Ética Profesional, *supra*.

En resumen, se atribuyó al licenciado Rivera Justiniano la violación de los Cánones 18 y 19 del Código de Ética Profesional, *supra*, debido a que no ejerció la diligencia necesaria para proteger los intereses de la señora Serpa Mercado y no le mantuvo informada adecuadamente de lo que ocurría en su caso. Aún más, no le notificó en tiempo sobre una determinación del foro de instancia en el caso en el que la representaba, lo que provocó que la promovente perdiera

su derecho a solicitar reconsideración y/o apelar el dictamen. Veamos en detalle.

Como mencionamos, el 31 de marzo de 2016 el tribunal de instancia emitió una *Sentencia* en el pleito en el que el abogado representó a la promovente como parte demandante. En particular, el foro de instancia declaró con lugar la moción de desestimación presentada por la Universidad y otros dos demandados y, en consecuencia, desestimó con perjuicio la *Demanda*.

Según surge del volante de notificación, esa decisión fue archivada en autos y notificada el 7 de abril de 2016; ésta fue notificada en esa misma fecha al licenciado Rivera Justiniano a la dirección de récord y la misma que indicó cuando presentó su *Contestación a Queja*. No obstante, el abogado expresó que "por razón que desconocemos la misma fue archivada en el expediente de la querellante y no es hasta poco más de un mes de recibirse la misma que el querellado adviene en conocimiento de la misma".[23] Así entonces, el desenlace del pleito no le fue comunicado a la señora Serpa Mercado hasta el 11 de mayo de 2016 cuando por correo electrónico el licenciado Rivera Justiniano le notificó sobre la desestimación del caso. Es decir, dicha determinación desestimatoria fue notificada transcurrido en exceso el término para solicitar reconsideración y recurrir de la misma. Por lo tanto, en un asunto tan importante en

---

[23] Véase *Réplica a Querella*, pág. 4.

el devenir de su caso, la promovente supo de la decisión cuando ésta ya había advenido final y firme. Del expediente no surge que el abogado se haya comunicado con la promovente para ofrecerle una explicación o discutir lo ocurrido, esto a pesar de que la señora Serpa Mercado intentó comunicarse con éste en varias ocasiones.

Es evidente que la demora del licenciado Rivera Justiniano en comunicarle a la promovente sobre la *Sentencia* dictada, así como su negativa en ofrecer alguna explicación al respecto resulta claramente inexcusable. Coincidimos con lo expuesto por el Comisionado Especial al plantear que "[p]rivar a un cliente del término dispuesto en ley para acudir en revisión de una sentencia adversa es una falta que no puede ser pasada por alto".[24]

Asimismo, es importante apuntar que en la *Contestación a Queja* el abogado admitió que no se comunicó con la promovente luego de haberle enviado copia de la *Sentencia* mediante correo electrónico, ante lo cual plantea que ésta tiene razón sobre la falta de comunicación entre ellos.[25] Al respecto, el licenciado Rivera Justiniano expresó que "se ha mantenido en una multiplicidad de esfuerzos profesionales, con el objetivo de poder mantener a su familia con el esfuerzo de su trabajo en estos tiempos

---

[24] Véase *Informe del Comisionado Especial*, pág. 10.

[25] Véase *Contestación a Queja*, pág. 2.

difíciles"[26] y que sí realizó "algunos esfuerzos para comunicar[se] con la dama, como ella misma indica, pero la verdad es que los mismos no se completaron".[27]

Precisamente la obligación y el deber ético que imponen los Cánones 18 y 19 del Código de Ética Profesional, *supra*, se circunscriben a que un abogado no asuma la representación legal cuando es consciente de que no puede rendir una labor idónea competente y no puede prepararse de forma adecuada para el asunto encomendado (Canon 18), así como el mantener al cliente siempre informado sobre aquellos asuntos importantes que surjan en el desarrollo del caso encomendado. Así, nos hacemos eco de lo expresado por el Comisionado Especial en el sentido de que el exceso de trabajo del abogado no justifica en ningún momento la violación de los cánones de ética profesional.

En este caso quedó demostrado que el licenciado Rivera Justiniano no le informó oportunamente a la señora Serpa Mercado sobre la determinación que recayó en su contra en el caso presentado contra la Universidad, así como tampoco le advirtió sobre los procesos de reconsideración y apelación del dictamen. Ciertamente no hay información más importante para un cliente que conocer de primera mano la decisión adversa en su contra. De igual forma, quedó en

---

[26]  Íd.

[27]  Íd.

evidencia la falta de comunicación entre las partes y así lo aceptó el abogado. Por todo lo anterior, concluimos que la conducta desplegada por el licenciado Rivera Justiniano evidenció falta de diligencia en el trámite del caso de la señora Serpa Mercado, así como falta de comunicación adecuada con ésta.

IV

Corresponde que determinemos la sanción disciplinaria a imponerle al abogado por su conducta antiética. Al fijar la misma, procede que consideremos los factores siguientes: (1) la reputación del abogado en la comunidad; (2) su historial disciplinario; (3) si la conducta es una aislada; (4) si medió ánimo de lucro; (5) si presentó una defensa frívola de su conducta; (6) si ocasionó perjuicio a alguna parte; (7) si resarció al cliente; (8) si demostró aceptación o arrepentimiento sincero por la conducta que le fue imputada, y (9) otros atenuantes o agravantes que surjan de los hechos. *In re* Ocasio Bravo, *supra*, págs. 1060-1061; *In re* Vélez Torres, *supra*, pág. 873; *In re* Maldonado Maldonado, *supra*, pág. 818.

En la evaluación de la sanción a imponerse, consideramos como factores atenuantes que no hubo ánimo de lucro y que el abogado expresó reiteradamente sus más sinceras disculpas ante la conducta desplegada. Entre los factores agravantes, evidentemente la conducta antiética en cuestión ocasionó perjuicio a la promovente en su pleito. Además, tomamos en cuenta que mediante *Resolución* del 26 de octubre de 2018,

archivada en autos y notificada el 6 de noviembre de 2018, en el proceso AB-2017-153, este Tribunal censuró y apercibió al licenciado Rivera Justiniano de que en el futuro diera fiel cumplimiento al Código de Ética Profesional. Cabe señalar también que se encuentra pendiente de disposición otro proceso disciplinario (CP-2020-20) en contra del abogado.

En consecuencia, y luego de evaluar la totalidad de las circunstancias, en virtud de nuestro poder inherente de reglamentar la abogacía, procede que impongamos como sanción la suspensión inmediata del ejercicio de la abogacía y la notaría por el término de tres (3) meses.[28]

V

Por los fundamentos antes expuestos, suspendemos de forma inmediata al Lcdo. Carlos E. Rivera Justiniano del ejercicio de la abogacía y la notaría por el término de tres (3) meses. En consecuencia, se ordena al Alguacil de este Tribunal a incautar la obra notarial que se encuentra bajo su custodia al igual que su sello notarial para entregarlos al Director

---

[28] Véanse, por ejemplo: In re Carrasquillo Bermúdez, 203 DPR 847 (2020) (suspendimos a un abogado del ejercicio de la abogacía por un periodo de tres (3) meses por violar los Cánones 12, 18, 19 y 38 del Código de Ética Profesional, 4 LPRA Ap. IX, por falta de competencia y diligencia durante el trámite de la representación legal de un cliente y debido a que no consultó ni se comunicó con sus representados acerca del trámite ni el desenlace del caso. Como atenuantes, en ese caso se indicó que el comportamiento del letrado fue una instancia aislada y era su primera falta ética); In re Rosario Vázquez, 197 DPR 237 (2017) (suspendimos a un abogado del ejercicio de la profesión por el término de tres (3) meses por infringir los Cánones 18 y 19 del Código de Ética Profesional, supra, debido a que dejó transcurrir un (1) año sin realizar gestión alguna en el caso de su cliente, esto a pesar de que tenía la documentación necesaria para ello; su actuación provocó la desestimación sumaria del caso, lo cual no informó a su cliente).

de la Oficina de Inspección de Notarías (ODIN) para el correspondiente examen e informe.

Además, el señor Rivera Justiniano deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándoles. Asimismo, deberá devolver a sus clientes los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no realizados. De igual forma, deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente y acreditar a este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal de solicitarlo en el futuro.

A su vez, en virtud de la suspensión inmediata del ejercicio de la notaría, la fianza que garantiza las funciones notariales del licenciado Rivera Justiniano queda automáticamente cancelada. Esta fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

En virtud de la suspensión ordenada mediante esta Opinión *Per Curiam*, se ordena el archivo administrativo del CP-2020-20 hasta que se disponga otra cosa.

Se dictará Sentencia en conformidad

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Carlos E. Rivera Justiniano     CP-2018-14

(TS-17,373)

Conducta
Profesional

SENTENCIA

En San Juan, Puerto Rico a 28 de junio de 2023.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, suspendemos de forma inmediata al Lcdo. Carlos E. Rivera Justiniano del ejercicio de la abogacía y la notaría por el término de tres (3) meses.

En consecuencia, se ordena al Alguacil de este Tribunal a incautar la obra notarial que se encuentra bajo su custodia al igual que su sello notarial para entregarlos al Director de la Oficina de Inspección de Notarías (ODIN) para el correspondiente examen e informe.

Además, el señor Rivera Justiniano deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándoles. Asimismo, deberá devolver a sus clientes los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no realizados. De igual forma, deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente y acreditar a este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de treinta (30) días, contado a partir de la

notificación de esta Opinión *Per Curiam* y Sentencia.  No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal de solicitarlo en el futuro.

A su vez, en virtud de la suspensión inmediata del ejercicio de la notaría, la fianza que garantiza las funciones notariales del licenciado Rivera Justiniano queda automáticamente cancelada.  Esta fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

En virtud de la suspensión ordenada mediante esta Opinión *Per Curiam*, se ordena el archivo administrativo del CP-2020-20 hasta que se disponga otra cosa.

Notifíquese.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.  Los Jueces Asociados señor Rivera García y señor Estrella Martínez no intervinieron. El Juez Asociado señor Kolthoff Caraballo no interviene.


Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo